En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico | |
| Recurrido | Certiorari |
| V. | |
| | 99 TSPR 165 |
| Héctor L. Colón Mendoza | |
| Peticionario | |

Número del Caso: CC-1998-1022

Abogados de la Parte Peticionaria: Lcdo. Benigno Alicea Alicea
                                   Lcdo. Alfredo Ortiz Rivera

Abogados de la Parte Recurrida:    Lcdo. César López Cintrón
                                   Lcda. Ivette Aponte Nogueras

Tribunal de Circuito de Apelaciones:  Circuito Regional VI

Juez Ponente: Hon. Ismael Colón Birriel

Fecha: 10/29/1999

Materia: Delito Contra Fondos Públicos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

El Pueblo de Puerto Rico

     Peticionario

        v.                      CC-98-1022       Certiorari

Héctor Colón Mendoza

     Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico a 29 de octubre de 1999

Debemos determinar si el Tribunal de Circuito de Apelaciones carece de jurisdicción para revisar, mediante recurso de certiorari, una determinación de un Juez Municipal, que en una vista para determinar causa probable para arrestar bajo la Regla 6 de Procedimiento Criminal, luego de haber determinado causa probable en cuatro denuncias, el mismo día y en corte abierta reconsideró y determinó causa probable por un solo delito, acogiendo así el planteamiento del imputado de que se trataba de un delito continuado.

Entendemos que estamos frente a una controversia de derecho sustantivo que es revisable por un tribunal apelativo.

Veamos los hechos que dan lugar a la presente

controversia.

I

El 17 de marzo de 1997, la ex contralor Ileana Colón Carlo juramentó una querella donde hacía constar que, luego de una auditoría llevada a cabo en el Municipio de Guayama, existía causa suficiente para creer que el alcalde de ese municipio, Hon. Héctor L. Colón Mendoza, había violado los artículos 202(a) y 215 del Código Penal, 33 L.P.R.A secs. 4353 y 4366 respectivamente y el artículo 3.2 (c) y (e) de la Ley de Ética Gubernamental, 3 L.P.R.A. sec. 1822 (c) y (e). El Secretario del Departamento de Justicia, luego de la investigación de rigor, determinó también causa suficiente para creer que dichos estatutos fueron violados por el alcalde y refirió el caso a un fiscal especial independiente, para ser investigado conforme al artículo 11 de la Ley Núm. 2 del 23 de febrero de 1988, según enmendada, Ley del Fiscal Especial Independiente, 3 L.P.R.A. sec. 99h et seq.

El fiscal especial, una vez hubo conducido su investigación, sometió seis denuncias ante el Tribunal de Primera Instancia, Unidad de Investigaciones de la Sala de San Juan, para la correspondiente determinación de causa probable para arresto o denuncia de la Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, Regla 6. Se imputaba la comisión de cuatro (4) infracciones al Art. 202 (a) del Código Penal[1], supra y dos (2) infracciones al Art. 3.2 (c) y (e) de la Ley de Ética Gubernamental, supra. Todas ellas relacionadas a hechos cometidos durante los años fiscales de 1992-1993, 1993-1994, 1994-1995, 1995-1996 en que, alegadamente, el alcalde contrató por más de diez mil dólares

---

1. **Negociación incompatible con el ejercicio del cargo público**

> Todo funcionario o empleado público que, directamente o por persona intermedia, promoviere, autorizare, o realizare por razón de su cargo, un contrato, subasta o cualquier operación en la cual tenga un interés patrimonial, será sancionado con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo fijo de cinco (5) años; de mediar circunstancias atenuante, podrá ser reducida hasta un mínimo de dos (2) años.

($10,000.00) anuales cada vez, los servicios de comestibles de un "comerciante, amigo y correligionario", sin haber celebrado la subasta requerida por ley para poder otorgar dichos contratos.

Luego de evaluada la prueba, la magistrada determinó causa probable **en todas y cada una** de las seis denuncias presentadas ante sí. Inmediatamente el abogado del imputado solicitó verbalmente la reconsideración del dictamen de causa probable para las cuatro denuncias relacionadas con la violación al Art. 202 del Código Penal, alegando que se "trataba de un solo impulso o curso de acción por un período de tiempo con una sola intención o propósito por lo cual el delito era uno continuo que debía determinarse causa probable por una sola denuncia". A pesar de las objeciones del fiscal especial, la magistrada del foro de primera instancia acogió el planteamiento del recurrido y agrupó en **una sola denuncia todos los hechos alegados por el Estado para cada año fiscal.** Los agrupó todos en el año fiscal de 1992-1993, fecha en que "comenzó" la acción delictiva.

El Fiscal Especial recurrió al Tribunal de Circuito de Apelaciones con un recurso de *certiorari* alegando que erró la magistrado del foro inferior al haber convertido el delito en uno continuo, cuando lo que procedía en derecho era determinar causa probable en cada denuncia **por separado** para cada año fiscal en que alegadamente se cometieron los delitos imputados al alcalde, por ser delitos separados, distintos e independientes en cada uno de los años fiscales. El foro apelativo, luego de analizar ciertos aspectos procesales en cuanto a la presentación y notificación del recurso planteados ante su consideración por la defensa del alcalde recurrido, determinó que el error había sido cometido y revocó la resolución impugnada.

Recurre ahora ante nos el alcalde, alegando insuficiencia de la notificación del recurso presentado en el Tribunal de Circuito de Apelaciones, error que presentó oportunamente en aquel foro. Alega el recurrente que fue notificado de dicho recurso con una copia no sellada

con la fecha y la hora de presentación, y que carecía del número del caso asignado por la secretaría del tribunal según exigen las Reglas 33(b) y 43(b) del Reglamento del Circuito de Apelaciones. El recurrido, por su parte, acepta que, aunque la copia no estaba debidamente sellada, la misma fue notificada dentro del término de estricto cumplimiento que establece la mencionada Regla 33.

Alega el peticionario, además, que el fiscal debió haber recurrido en alzada a un juez del Tribunal de Primera Instancia de mayor jerarquía, a cuestionar la determinación de inexistencia de causa probable, y por tanto, el Tribunal de Circuito de Apelaciones carecía de jurisdicción para entender en la controversia.

II

La Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 6, autoriza en su inciso (a) el que un magistrado del Tribunal de Primera Instancia expida una orden de arresto cuando por denuncia jurada, declaración o declaraciones juradas sometidas con la denuncia, o examen bajo juramento del denunciante o testigos, si alguno, constare "causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa".

La misma Regla 6, supra, en su inciso (c), establece que:

> Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante y sus testigos, si algunos, el magistrado determinare la **inexistencia de causa probable**, no podrá presentarse denuncia o acusación de clase alguna. **En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquel que el fiscal entendiere procedente**, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.[...] (Énfasis nuestro.)

Como vemos, la Regla 6 faculta al fiscal a someter a la consideración de un magistrado de categoría superior, una determinación de **inexistencia de causa probable** o una determinación de causa probable por un **delito inferior o distinto** a aquel que el fiscal entendiere procedente, con la misma o distinta prueba a la ya presentada. En vista de ello hemos resuelto que las resoluciones del tribunal de primera

instancia sobre determinación de **inexistencia de causa probable** para el arresto o para acusar no son revisables mediante *certiorari*. Véase, Pueblo v. Tribunal Superior, 95 D.P.R. 412, 413 (1967); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984). No obstante haber reiterado la norma de la no revisibilidad mediante *certiorari* de una determinación negativa de causa probable, en Pueblo v. Cruz Justiniano, supra, a la página 30, dijimos: "La determinación en los méritos del Juez Superior sobre la existencia de causa probable no es revisable. [...] No obstante, cualquier otra determinación de derecho si puede ser revisada mediante el recurso de certiorari."[2] (Citas omitidas, énfasis nuestro).

El auto de certiorari, 32 L.P.R.A. sec. 3491 et seq.[3], es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Hace mucho tiempo establecimos que el mismo procede para revisar tanto errores de derecho procesal como sustantivo. Pérez v. Tribunal de Distrito, 69 D.P.R. 4,7 (1948); Mercado v. Corte, 70 D.P.R. 789,800 (1950); Véase además, Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22K (f)(i).

Ahora bien, ¿es la controversia ante nos una de derecho que puede ser revisada mediante el recurso de *certiorari* en esta etapa de los procedimientos?

Debemos dejar claro que no estamos ante un caso de inexistencia de causa probable, ya que la magistrada del tribunal de primera instancia

---

[2] Véase además, Chiesa E., Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, 1993, t. III, págs. 46-47.

[3] **3491. Auto de certiorari, definición**

El auto de certiorari es un auto expedido por un tribunal superior a otro inferior, por el cual se exige del último la remisión al primero de una copia certificada de las diligencias pendientes en el tribunal inferior o los autos de alguna causa ya terminada, en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo fundado en bases erróneas.

determinó causa para **todos y cada uno** de los delitos para cada año en cuestión. Esto es, la jueza determinó que la prueba establecía la **probabilidad** de que, para cada año, estuvieran presentes todos los elementos del delito y la **probabilidad** de que el imputado los hubiese cometido, por lo que se justificaba que el Estado sometiera al imputado a juicio. Tampoco estamos ante un caso de determinación de causa para delito inferior o distinto, ya que la causa probable se determinó por infracciones al Art. 202(a), supra, el mismo delito por el cual el fiscal sometió las denuncias originalmente. **Es solamente en estos dos supuestos que autoriza el inciso (c) de la Regla 6 a acudir en alzada a un juez de categoría superior del mismo tribunal, y cuya determinación negativa no será revisable mediante *certiorari*.** En cuanto al aspecto sustantivo, en esta ocasión se trata de determinar si estuvo correcta la decisión de agrupar en una sola denuncia todos los hechos delictivos de los restantes cuatro años fiscales por ser un delito continuo. Esta fue la controversia que el fiscal llevó al tribunal apelativo para que fuera objeto de examen. Y ésta es precisamente una controversia de estricto derecho, aislada de la norma de la no revisabilidad mediante certiorari de una determinación negativa de causa probable.

### III

Nuestro Código Penal no provee una definición de lo que hemos llamado delito continuo o continuado, ni disposición alguna que lo regule. <u>Pueblo</u> v. <u>Cortés Rivera</u>, Res. el 28 de enero de 1999, 99 T.S.P.R. 8. El delito continuo es una figura del derecho penal sustantivo que ha sido estudiada tanto por la doctrina civilista como por la doctrina anglosajona.[4] Lo hemos definido como "una pluralidad de actos que aisladamente pudieran concebirse como delitos independientes,

---

[4] Para un análisis más profundo sobre la doctrina del delito continuo o continuado, véase, Santiago Mir Puig, <u>Derecho Penal, Parte General</u> 656 (4ta. ed. 1996); Carlos Creus, <u>Derecho Penal, Parte General</u>, págs. 1189, 193 (2da. ed., 1990) Alfonso Arroyo de las Hieras, <u>Manual de Derecho Penal</u> 267 (1985); María T. Castiñeira, <u>El Delito Continuado</u> 15 (1977); 11 Federico Puig Peña, <u>Derecho Penal</u> 301 (111959); 1 Wharton´s Criminal Law, sec. 59 pág. 311 (1978).

pero que en conjunto se conciben como un delito único". Id. También hemos reiterado que se trata de una "transacción o una serie de actos continuos puestos en movimiento por un solo impulso y operados por una sola fuerza no intermitente no importa cuán largo sea el tiempo que  pueda ocupar". Pueblo v. Burgos, 75 D.P.R. 551, 568 (1953).  Sin  duda, siempre hemos reconocido "las dificultades que entraña establecer un regla fija que permita precisar cuándo un delito es continuo".  Id; Pueblo v. Cortés Rivera, supra.  En Puerto Rico hemos acogido mayormente las teorías subjetivas que proponen que es preciso examinar **la intención del agente actor** para determinar si en la serie de actos subsistió un único designio común. A estos efectos nos dice la Profesora Nevárez[5]:

> El requisito del propósito o finalidad común es el de mayor dificultad ya que la doctrina civilista exige que esta intención esté presente y activa mientras dura la continuación. Si se llegase a probar la desaparición de esa intención global en cualquier momento, la persona pierde todo beneficio dimanante de este concurso.  La idea es que en la comisión de la cadena delictiva ha mediado una intención común que aglutina a todos los actos.

Ciertamente ni en la etapa de vista preliminar de las Reglas 6 ó 23, ni de sus respectivas vistas en alzada, son momentos procesales adecuados para hacer determinaciones de intencionalidad. Equivaldría a hacer de estas vistas mini-juicios. En esos momentos procesales, como ya dijimos, se trata de establecer causa probable. **Y en este caso se estableció.**  Por tanto, no procedía acudir en alzada en busca de una determinación positiva de causa probable ante un magistrado de mayor jerarquía en el tribunal de primera instancia.

Por otro lado, no debemos claudicar nuestra prerrogativa apelativa de hacer importantes determinaciones del derecho sustantivo utilizando el vehículo de certiorari, en casos en que como éste, las reglas lo permiten.

IV

---

[5] Nevárez Muñiz, Dora, Derecho Penal Puertorriqueño, Parte General, pág. 330 (3ra. ed. 1995).

La parte aquí peticionaria señala que el Fiscal Especial Independiente incumplió con las Reglas 33(b) y 43(b)[6] del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A R. 33 y 43, ya que, a pesar de haber recibido la copia del recurso de certiorari presentado ante el Tribunal de Circuito de Apelaciones dentro del término de cumplimiento estricto que disponen dichas reglas, la copia no estaba debidamente sellada con el número, la fecha y la hora de la presentación.

La Regla 33(b), supra, establece que el peticionario ha de notificar, dentro del término de cumplimiento estricto establecido, una copia del recurso presentado debidamente sellado con fecha y hora de presentación a la parte recurrida. No hay duda de la importancia de dicha disposición. Es imprescindible que la parte recurrida conozca la fecha en que se presentó el recurso para que pueda constatar si el mismo fue presentado dentro del plazo legal correspondiente y si, por ende, el tribunal apelativo adquirió la jurisdicción que le permita revisar el planteamiento en sus méritos.

Surge de los autos que el término de estricto cumplimiento para presentar el recurso ante aquel tribunal expiraba el sábado 25 de julio de 1998, que por ser día de fiesta legal se extendió hasta el martes 28, ya que el lunes 27 era a su vez, día de fiesta. No existe controversia alguna en cuanto al hecho de que la petición de certiorari no sellada, con todos sus anejos, se notificó al abogado del recurrente el miércoles

---

[6] El recurrente invoca erradamente el requisito de la Regla 43(b), supra, en cuanto a que el recurso contenga el **número de presentación** cuando haya sido presentado en la Secretaría del Tribunal de Circuito de Apelaciones. No obstante, esta regla se refiere a aquellos certiorari de casos originados en la Comisión Estatal de Elecciones, por lo que no aplica al presente caso.

La Regla 33(b) en su parte pertinente dispone:

**(B) Notificación del recurso a las partes**

La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y hora de presentación, a los(as) abogados(as)de récord, o en su defecto, a las partes...dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según sea el caso, para presentar el recurso. [...]

22 de julio de 1999, mediante correo certificado con acuse de recibo. Tampoco existe controversia respecto a que el viernes 24, todavía dentro del término de estricto cumplimiento de la mencionada regla, se notificó por correo certificado con acuse de recibo, una moción sobre notificación de recurso, debidamente sellada y con hora de presentación, donde se informaba al abogado del alcalde recurrente que el día 22 de julio se había presentado ante el foro apelativo la petición de certiorari. A pesar de que insistimos en que las normas reglamentarias han de ser observadas de manera rigurosa, Arriaga v. F.S.E., Res. el 18 de marzo de 1998, 98 TSPR 27, estimamos que el presente fue un defecto de forma que quedó subsanado cuando, dentro del término legal, el recurrido notificó su moción sobre notificación de recurso. La razón de ser de la regla quedó satisfecha permitiendo que el recurrido conociera que el recurso fue presentado dentro del plazo legal autorizado, por lo que entendemos que el defecto de forma incurrido no debe conllevar la desestimación del recurso.

Por los fundamentos expresados se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con lo aquí expresado.

JOSE A. ANDREU GARCIA
Juez Presidente

CC-98-1022

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Peticionario

v.                              CC-98-1022       Certiorari

Héctor Colón Mendoza

Recurrido

SENTENCIA

San Juan, Puerto Rico a 29 de octubre de 1999

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte integra de de la presente, se expide el auto solicitado y se devuelve el caso al Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, para la continuación de los procedimientos de forma consistente con lo expresado en la opinión del Tribunal.

Lo pronunció y manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Negrón García disiente sin opinión escrita. El Juez Asociado señor Rebollo López disiente con opinión escrita.

Carmen E. Cruz Rivera
Subsecretaria del Trbunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                          CC-98-1022       CERTIORARI

Héctor L. Colón Mendoza

    Acusado-peticionario

**OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ**

**San Juan, Puerto Rico, a 29 de octubre de 1999**

No podemos suscribir la tesis mayoritaria por cuatro razones principales: <u>primero</u>, cuando un juez, enfrentado con cuatro pliegos de denuncias, determina causa probable con respecto a los mismos y, <u>de forma contemporánea</u>, reconsidera y determina causa probable por un solo delito, el efecto práctico de esa actuación es que determina inexistencia de causa probable en los restantes cargos, ello independientemente de las razones o fundamentos que aduzca en apoyo de su actuación; <u>segundo</u>, la determinación de si la intención o negligencia criminal de un imputado fue continua o no, <u>no</u> es revisable vía certiorari debido a que, por definición, es una cuestión eminentemente de

hecho; _tercero_, elementos básicos dimanantes del debido proceso de ley exigen que la intención o negligencia criminal se establezca durante las etapas preliminares al juicio; y, _por último_, la decisión hoy emitida causará que el Tribunal de Circuito de Apelaciones se vea "inundado" con recursos de certiorari en revisión de determinaciones de inexistencia de causa probable para arresto, y/o por un delito menor incluido, en los cuales esté envuelta una cuestión de derecho.

## I

El 17 de marzo de 1997, el Contralor de Puerto Rico --conforme las disposiciones del Artículo 4 de la Ley Núm. 2 del 23 de febrero de 1998[7], conocida como la Ley del Fiscal Especial Independiente-- juramentó una querella en la cual hizo constar que consideraba, luego de haber realizado una auditoría en el Municipio de Guayama, que existía "causa suficiente" para creer que el aquí peticionario, Alcalde de dicho Municipio, había violado los Artículos 202(a) y 215 del Código Penal de Puerto Rico[8] y las Secciones (c) y (e) del Artículo 3.2 de la Ley de Etica Gubernamental. Ley Núm. 12 de 24 de julio de 1985, 3 L.P.R.A. sec. 1801, _et_ _seq._.

Luego de practicada, por el Secretario de Justicia de Puerto Rico, la correspondiente investigación preliminar que ordena la referida Ley Núm. 2 del 1998, el Secretario determinó la existencia de "causa suficiente" para creer que el mencionado Alcalde pudo haber incurrido en las violaciones de ley antes citada; procediendo el Secretario a rendir un informe detallado al Panel sobre el Fiscal Especial Independiente. Evaluado dicho informe, el Panel designó al Lcdo. César López Cintrón como Fiscal Especial Independiente.

Concluida su investigación, el Fiscal Especial procedió a someter ante la consideración del Tribunal de Primera Instancia, Unidad de Investigaciones de la Sala de San Juan, _seis (6)_ proyectos

---

[7] 3 L.P.R.A. sec. 99k.
[8] 33 L.P.R.A. secs. 4353 y 4366, respectivamente.

de denuncias para la correspondiente determinación de causa probable para arresto al amparo de las disposiciones de la Regla 6(a) de las Reglas de Procedimiento Criminal[9]. <u>Los seis (6) proyectos de denuncias se desglosaban de la manera siguiente</u>: cuatro (4) denuncias por supuestas infracciones al Artículo 202(a) del Código Penal[10] y dos (2) denuncias por supuestas violaciones al Artículo 3.2(c) y (e) de la Ley de Etica Gubernamental.

Luego de recibida la prueba correspondiente, la juez municipal que presidió los mencionados procedimientos <u>citó</u> a las partes para el 25 de junio de 1998, fecha en la que emitiría su dictamen. En dicho día, la referida magistrado, <u>originalmente</u>, determinó causa probable para arresto en <u>todas y cada una</u> de las seis (6) denuncias que fueron sometidas ante su consideración.

La defensa del Alcalde, <u>ese mismo día y en corte abierta</u>, solicitó la reconsideración de las determinaciones de causa probable para arresto en relación con las cuatro (4) denuncias por supuestas infracciones al Artículo 202(a) del Código Penal. Argumentó la defensa del imputado, en dicho día, que se "trataba de un solo impulso o curso de acción por un período de tiempo [sic] con una sola intención o propósito por lo cual el delito era uno continuo [y] que debía determinarse causa probable por una sola denuncia".

La magistrado, <u>ese mismo día y en corte abierta</u>, acogió el planteamiento de la defensa, procediendo a reconsiderar su determinación original de causa probable para arresto por cuatro (4) infracciones al mencionado Artículo 202(a) del Código Penal; <u>esto es, determinó causa probable para arresto contra el aquí peticionario por una (1) sola infracción al aludido artículo de ley</u>.

El Fiscal Especial Independiente procedió, entonces, a radicar un <u>recurso de certiorari</u> ante el Tribunal de Circuito de Apelaciones,

---

[9] 34 L.P.R.A. Ap. II, R.6.
[10] Cada denuncia se refería a actos alegadamente cometidos durante años diferentes, a saber: año 1992-93, año 1993-94, año 1994-95, y año 1995-96.

imputando al foro de instancia haber errado "... al determinar que en relación al Art. 202(A) del Código Penal, lo que procedía era una sola denuncia por todo el período de tiempo imputado [sic], convirtiendo el delito en uno continuo, cuando lo que procedía en derecho era una denuncia en cargo por separado para cada año fiscal que se alega se cometió delito."

La representación legal del imputado solicitó la desestimación del recurso de certiorari radicado por dos (2) fundamentos, a saber:

> 1) el fiscal especial independiente no cumplió con lo dispuesto en la Regla 33 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 33, es decir, no le notificó la solicitud de certiorari, a la parte recurrida, debidamente sellada con la fecha y la hora de la presentación dentro del término de estricto cumplimiento establecido en dicho reglamento; y

> 2) que el Tribunal de Circuito carece de facultad en ley para revisar mediante auto de certiorari una determinación de inexistencia de causa probable para arrestar o acusar.

El Tribunal de Circuito de Apelaciones, mediante Sentencia de fecha 30 de octubre de 1998[11], revocó la actuación del tribunal de instancia determinando que el Fiscal Especial Independiente tenía el derecho a "...presentar cuatro (4) denuncias por separado para cada omisión o acto en que el recurrido [Alcalde] no celebró subasta con el único fin de beneficiar al funcionario mencionado".

Solicitada la reconsideración de la sentencia emitida, y denegada la misma por el Tribunal de Circuito de Apelaciones, acudió Héctor L. Colón Mendoza ante este Tribunal en solicitud de revisión de la mencionada sentencia. En el recurso que a esos efectos radicara, imputó al foro de instancia haber errado "...al determinar que el peticionario [Fiscal Especial Independiente] cumplió con las disposiciones de la Regla 33(B) del Reglamento del Tribunal [de Circuito]".

Mediante Resolución, de fecha 26 de febrero de 1999, concedimos término a la parte recurrida para que mostrara causa por la cual este

Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones. En cumplimiento de la referida Resolución ha comparecido el Fiscal Especial Independiente, Lcdo. César López Cintrón.[11]

II

En nuestra opinión, procede decretar la revocación de la sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones. Veamos por qué.

El Inciso (c) de la Regla 6, de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6, establece que:

> "(c) Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado <u>determinare la inexistencia de causa probable</u>, no podrá presentarse denuncia o acusación de clase alguna. <u>En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia</u>. El magistrado, una vez tenga ante sí dicha solicitud, podrá prontamente expedir u ordenar al secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados". (Enfasis suplido.)

Como podemos notar, <u>y ante los hechos particulares del presente caso</u>, el curso correcto y específico a seguir por el Fiscal Especial Independiente era el someter, con la misma prueba o con prueba adicional, nuevamente el asunto ante un magistrado de categoría superior del Tribunal de Primera Instancia. Ello así ya que la actuación en reconsideración de la juez municipal equivale, para todos los efectos prácticos y jurídicos, a una determinación de <u>inexistencia de causa probable</u> para arresto en cuanto a tres (3) de las cuatro (4) proyectos de denuncia que le fueron sometidos.

Dicho de otra manera: no hay duda del hecho de que el fiscal especial entendía que las actuaciones del aquí peticionario, <u>en cada</u>

---

[11] Notificada la misma el día 5 de noviembre de 1998.

uno de los años fiscales a que hacían referencia los proyectos de denuncia, constituían un delito distinto, o sea, cuatro delitos separados. La juez municipal así lo entendió originalmente, determinando causa probable por cuatro (4) infracciones al Artículo 202(a) del vigente Código Penal. Ello no obstante, y ante la solicitud de reconsideración de la defensa, resolvió que era un solo delito. Dicha actuación, repetimos, cae bajo las disposiciones de la antes transcrita Regla 6(c) de Procedimiento Criminal.

Aquí poco importa el fundamento esgrimido por la defensa, y acogido por la Juez para reconsiderar, ya que es norma reiterada que la revisión se da contra la sentencia y no contra sus fundamentos. Pueblo v. González Vega, res. el 16 de marzo de 1999, 99 TSPR 21; Sánchez v. Eastern Air Lines, Inc., 114 D.P.R. 691, 695 (1983). En otras palabras, lo importante no son los fundamentos del tribunal sino su actuación.

Con relación a los delitos que nos ocupan, el F.E.I. presentó ante el tribunal cuatro proyectos de denuncia, el tribunal encontró causa en los cuatro; al reconsiderar ¿qué hizo?: entendió que hubo sólo una intención criminosa por lo que determinó causa con respecto a un solo delito. Si los agrupó, o no, eso es otro problema.[12] Cualquier abogado de experiencia en el ámbito penal sabe que, en la práctica, el magistrado no prepara denuncia alguna; mucho menos hace el ejercicio de "agrupar" todos los delitos en una sola denuncia. Ante él se presentan los pliegos con la información vertida de antemano y su rol, luego de escuchar la prueba, se limita a marcar un encasillado que revela su determinación: causa probable o inexistencia de causa. Señalar que la magistrado en este caso "agrupó" los delitos deja una impresión imprecisa de lo acontecido, esto es, de que el tribunal descartó todos los cuatro pliegos de

---

[12] No discutiremos los problemas que podría enfrentar la posible acumulación indebida de delitos contemplada en la Regla 37(a) de Procedimiento Criminal.

denuncia e hizo uno "nuevo" donde agrupó las cuatro denuncias. Al reconsiderar, el tribunal, luego de haber hallado causa en los cuatro pliegos presentados, <u>dejó sin efecto su determinación original y determinó causa sólo en uno</u>. Por ello, lo importante no es si los agrupó o no, sino la realidad de que, al reconsiderar, <u>determinó causa sólo en cuanto a un delito</u>, no los cuatro.

En otras palabras, a nuestra manera de ver las cosas, ante una situación de hechos como la que plantea el presente caso, <u>no</u> es de aplicación las disposiciones de los incisos (f) e (i) del Artículo 4.002 de la Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22K(f) e (i), las cuales proveen para la revisión, vía certiorari, ante el Tribunal de Circuito de Apelaciones <u>de órdenes o resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia</u>. Aquí no hay ninguna orden o resolución interlocutoria; de lo que se trata es de una determinación de inexistencia de causa probable para arresto.

Resumiendo, somos del criterio de que el Tribunal de Circuito de Apelaciones <u>carecía de jurisdicción</u> para entender en el recurso de certiorari que radicara ante dicho foro el Fiscal Especial Independiente. Al así resolver, estamos conscientes de que la falta de jurisdicción no fue uno de los errores planteados ante nos. Sin embargo, como es sabido, este Tribunal, no tiene que limitarse a los errores señalados, máxime en casos como el de autos donde hay ausencia de jurisdicción. Como reiteramos en <u>Rodríguez Cruz</u> v. <u>Padilla Ayala</u>, 125 D.P.R. 486, 511-512 (1990),

> "...aun cuando la parte recurrente no lo señale o levante como error, este Tribunal entenderá en todas aquellas cuestiones que a su juicio ameritan ser consideradas y resueltas en un recurso. Ello nos obliga a entender, *motu proprio*, en dicho punto". (Citas omitidas.)

## IV

Ahora bien, considerando que a nuestro parecer la actuación del Tribunal de Primera Instancia fue, para todos los efectos prácticos,

un determinación de inexistencia de causa probable en los restantes pliegos, resta dilucidar si ello es una cuestión de derecho revisable vía certiorari como, erróneamente, pregona la Mayoría de este Tribunal.

Amparados en un escueto análisis de nuestra decisión en Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984), la Mayoría expresa que nos encontramos ante una cuestión de derecho. Se equivoca. Examinemos en detalle dicha decisión.

Cierto es que en Cruz Justiniano, ante, expresamos que las determinaciones de derecho pueden ser revisadas ante un foro apelativo. Sin embargo, nuestra escueta expresión en ese caso sólo se circunscribe a eso: determinaciones de derecho. Nada más nada menos. Así, tomando como ejemplo el propio caso de Cruz Justiniano, podíamos revisar el término que tiene disponible el Estado para acudir en alzada. Esa determinación no conlleva, obviamente, determinación alguna de hecho. Allí, nos expresamos en cuanto al término que tiene el Ministerio Público para acudir en alzada. Dicha determinación no era de hecho ni tenía, de forma alguna, relación con la culpabilidad o inocencia del acusado; la misma era, simplemente, una controversia pura de derecho sujeta a nuestra función revisora.

¿Es la determinación de delito continuo una de derecho de forma tal que pueda revisarse vía certiorari?

La determinación de la continuidad de unos actos delictivos constituye, sin duda alguna, una determinación, principalmente, de hecho. Aunque, ciertamente, la doctrina es una de derecho, muy poco concierne a éste de forma tal que pueda afirmarse que es una cuestión de derecho que puede revisarse vía certiorari ante el Tribunal de Circuito de Apelaciones.

Examinemos algunos casos de "delito continuo" a los fines de explicar en qué contexto se adjudicó la controversia en los mismos. Esto, porque en el caso de autos --una determinación de Regla 6-- no era posible que el Tribunal de Circuito de Apelaciones examinase los

hechos que motivaron al tribunal a descifrar el tipo de intención (continua o no) criminal que tenía Colón Mendoza al delinquir.

En Pueblo v. Cortés Rivera, res. el 28 de enero de 1999, 99 TSPR 8, consideramos si tres cargos constitutivos del delito de actos lascivos en realidad constituían un delito continuo. Nótese que este análisis se hace luego de que Cortés Rivera fuera encontrado culpable de los tres cargos. De un examen detenido de nuestra adjudicación, se desprende con firmeza que resolvimos, correctamente, a la luz de la exposición narrativa de la prueba, la cual había sido estipulada por las partes. Esto es, al evaluar el hecho en controversia --si hubo unidad de resolución o intención del acusado al delinquir-- lo hicimos a la luz de la prueba que desfiló ante el juzgador de los hechos. En dicho caso, toda la discusión sobre la continuidad del delito giro en torno a los hechos, es decir, la controversia sobre si una conducta delictiva se cometió con cierta intención --continua, especifica, o general-- es una de hecho.

Véase, además, Pueblo v. Burgos, 75 D.P.R. 551 (1953), donde definimos el delito continuo como "una transacción o una serie de actos continuos puestos en movimiento por un solo impulso y operados por una sola fuerza no intermitente, no importa cuan largo sea el tiempo que pueda ocupar." (Subrayado nuestro). Cf. Pueblo v. Serrano Pagán, 85 D.P.R. 684 (1962), en el cual, al evaluar la prueba desfilada ante el juzgador, expresamos que "el hecho de que la infracción de una ley pueda extenderse por un período más o menos largo, no convierte el delito en uno continuo."

En Pueblo v. Pound, 101 D.P.R. 41 (1973), hicimos una evaluación de la prueba desfilada en el juicio para concluir que no hubo la unidad de acto que requiere el delito continuo. Por último, y a esos mismos efectos, véase Pueblo v. Negrón Quiñones, 77 D.P.R. 782 (1954). Debe mantenerse presente que, por definición, lo que se evalúa para determinar si un delito es continuo es un aspecto subjetivo de hecho --la intención subjetiva del actor-- asunto que no

puede ser revisado a través de un recurso interlocutorio de certiorari.

¿A base de qué examinamos si la intención subjetiva de Colón Mendoza era una continua? Por supuesto, y por consideraciones prácticas, en esta etapa de los procedimientos resulta imposible evaluarlo.

A luz de lo anterior, es que entendemos que no estamos ante una cuestión de derecho revisable bajo el palio de Pueblo v. Cruz Justiniano, ante. Por el contrario, dilucidar si el agente actor actuó a base de la "pluralidad de actos que se conciben como un delito único", constituye un ejercicio judicial encaminado a determinar el estado mental de éste. No puede entonces revisarse dicha cuestión a nivel apelativo, a base del propio caso de Cruz Justiniano.

Por otra parte, la Mayoría, de forma realmente incomprensible, señala que "ni en la etapa de vista preliminar de las Reglas 6 o 23, ni [en] sus respectivas vistas en alzada, son momentos procesales adecuados para hacer determinaciones de intencionalidad". Por más esfuerzo que hacemos para comprender dicha aseveración, no podemos lograrlo. Sabido es que sin intención o negligencia criminal es imposible delinquir. Por ello, sin ánimo de convertir las vistas de causa probable en minijuicios, para determinar causa probable conforme a derecho es imprescindible que el juez entienda que, acorde con el quantum de prueba requerido para cada una de las vistas, el imputado tenía la intención o negligencia criminal que requiere el delito imputado. Es doctrina reiterada en nuestra jurisdicción que en las vistas de causa probable hay que demostrar cada uno de los elementos del delito y su conexión con el imputado. Pueblo v. Meléndez Clay y otros, res. el 16 de junio de 1999, 99 TSPR 94; Pueblo v. Andaluz Méndez, res. el 30 de junio de 1997, 143 D.P.R. ___ (1997); Pueblo v Rodríguez Aponte, 116 D.P.R. 653 (1985); Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592 (1972).

Los principios más elementales del debido proceso de ley sustantivo, exigen que, al aprobar legislación penal, el Estado no afecte de manera irracional, arbitraria o caprichosa, los intereses de libertad y propiedad de todo ser humano en una sociedad democrática. Por ello, en esta bendita tierra, cada uno los delitos estatuidos por nuestra Asamblea Legislativa tiene, como elemento vital, la intención o negligencia criminal contemplada en nuestro Código Penal. Pueblo v. Robles González, 132 D.P.R. 554 (1993); Artículo 14 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3061. A nuestra manera de ver las cosas, sencillamente, es un error craso de la Mayoría afirmar que la intención o negligencia criminal no juega ningún papel hasta tanto llegue la etapa del juicio. ¿Acaso en Puerto Rico se priva de la libertad a los ciudadanos sin que haya mediado intención delictiva en la conducta imputada? Simplemente, sería inconstitucional.

Por último, deseamos dejar constancia del hecho que la decisión que hoy emite una mayoría de los integrantes de este Tribunal es una no solo errónea sino que muy poco práctica, la cual tendrá el efecto noscivo de "inundar", con recursos innecesarios de certiorari, al Tribunal de Circuito de Apelaciones. Ello así ya que prácticamente toda determinación de causa probable para arresto que se haga a nivel de instancia por un delito menor al imputado y/o, incluso, de inexistencia de causa probable necesariamente envuelve, o conlleva, una determinación de derecho. Meramente, a manera de ejemplo, en toda determinación sobre si la muerte ilegal causada constituye un delito de asesinato en primer grado o en segundo grado o, por el contrario, un delito de homicidio voluntario, está envuelta una cuestión de hecho y de derecho, igual que en el caso presente.

V

En vista de lo anteriormente expuesto, es innecesario discutir el señalamiento de la parte aquí peticionaria a los efectos de que el

fiscal especial independiente incumplió con el Reglamento del Tribunal de Circuito de Apelaciones al notificarle una copia del recurso de certiorari radicado que <u>no</u> contenía <u>ni</u> el "sello de radicación" del mencionado foro apelativo intermedio, demostrativo el mismo de <u>la hora y fecha exacta</u> en que el recurso fue efectivamente radicado, <u>como tampoco</u> contenía dicha copia el "número de presentación" del caso ante dicho foro apelativo; requisitos que, conforme sostiene la parte peticionaria, son de cumplimiento estricto y cuyo incumplimiento hace mandatoria la desestimación del recurso radicado[13].

---

[13] La Regla 33(b) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 33, dispone, en lo pertinente, que:

> "La parte peticionaria notificará la solicitud de certiorari <u>debidamente sellada con la fecha y la hora de presentación a los (as) abogados (as) de récord, o en su defecto, a las partes</u>... dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso, para presentación el recurso...
>
> La fecha de depósito en el correo se considerará como la fecha de notificación a las partes..." (Enfasis suplido.)

Tenemos, <u>además</u>, que la Regla 43(B) del antes mencionado reglamento, 4 L.P.R.A. Ap. XXII-A, 43(B), establece que:

> "La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord o, en su defecto, a las partes, de forma simultánea a su presentación. <u>Cuando la solicitud haya sido presentada en la Secretaría del Tribunal de Circuito de Apelaciones, ésta contendrá el número de presentación</u>. La notificación se efectuará de acuerdo a lo dispuesto en la Regla 48 de este Reglamento." (Enfasis suplido.)

La razón de ser de ambas disposiciones, y los requisitos que establecen, es obvia. La parte recurrida tiene derecho a saber, en <u>primer</u> lugar, la <u>fecha exacta</u> en que la parte peticionaria presentó el recurso de certiorari ante el tribunal apelativo con el propósito de poder determinar si el mismo fue radicado en tiempo. En <u>segundo</u> término, la parte recurrida tiene el derecho a conocer cuál es el número de identificación o presentación del caso con el propósito de, al comparecer ante el foro apelativo, poder garantizarse que sus escritos sean "unidos" al expediente correcto. <u>Estos requisitos, no hay duda, son importantes</u>.

El Tribunal de Circuito de Apelaciones, a pesar de entender que dichos requisitos efectivamente son de cumplimiento estricto, resolvió que dicho incumplimiento no ameritaba la desestimación solicitada por cuanto la notificación de la copia del recurso al recurrido se hizo dentro del término de estricto cumplimiento que dispone dicha regla, hecho que entiende es el verdaderamente importante. No pasamos juicio, repetimos, sobre la corrección o incorrección de dicha posición.

Por las razones expresadas, disentimos.


                              FRANCISCO REBOLLO LÓPEZ
                    Juez Asociado

---

Hemos resuelto que cuando se trata de términos o requisitos de cumplimiento estricto, el foro judicial queda liberado del automatismo que conllevan los requisitos o términos de índole jurisdiccional y que éste puede proveer la justicia que ameriten las circunstancias. En otras palabras, una parte puede ser eximida del cumplimiento de un requisito de cumplimiento estricto siempre que, en efecto, exista justa causa para dicho incumplimiento y que la parte, efectivamente, le demuestre al tribunal, en forma específica y detallada, las razones o excusas que tuvo para incurrir en dicho incumplimiento. Véase: Pueblo v. Pérez Suárez, Opinión Per Curiam y Sentencia de 16 de septiembre de 1998; Arriaga Rivera v. F.S.E., Opinión y Sentencia de 18 de marzo de 1998. De otra parte, debe mantenerse igualmente presente que hemos resuelto que constituye norma reiterada que las disposiciones reglamentarias, relativas a los recursos presentados ante este Tribunal deben ser observadas de manera rigurosa, norma que es extensiva al Reglamento del Tribunal de Circuito de Apelaciones. Arriaga Rivera v. F.S.E., ante.

En cuanto al incumplimiento en el cual incurrió en el presente caso, el fiscal especial independiente realmente no aduce justa causa que excuse su actuación o incumplimiento. El fiscal especial meramente se limita a admitir que no cumplió, luego de lo cual sostiene, equivocadamente, que se trata de requisitos de forma y que lo verdaderamente importante es que él notificó a la parte recurrida con copia del recurso dentro del término provisto por ley para la presentación del recurso. Ello no es suficiente.