ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | |
|---|---|
| ROSA LYDIA VÉLEZ, y otros,<br><br>Peticionaria,<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN, y otros,<br><br>Recurrida. | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.:<br>K PE1980-1738.<br><br>Sobre:<br>*injunction clásico.* |
| KLCE202301404 | |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de enero de 2024.

La parte peticionaria Rosa Lydia Vélez, y otros (clase), nos solicita que revisemos la *Sentencia parcial de archivo administrativo* emitida el 29 de septiembre de 2023, notificada el 2 de octubre de 2023. Esta fue enmendada a través de la *Resolución de archivo administrativo* del 1 de diciembre de 2023, notificada el 4 de diciembre de 2023[1]. Mediante el referido dictamen, el foro primario ordenó el cierre administrativo de once (11) estipulaciones de la sentencia por estipulación emitida en este caso. Además, declaró sin lugar la solicitud de la clase para que se publicara la referida resolución vía edicto.

Por los fundamentos que expondremos a continuación denegamos la expedición del auto de *certiorari*.

I

En síntesis, la sentencia por estipulación objeto de la controversia del título surge como parte del pleito instado, hace más de 40 años, por Rosa Lydia Vélez contra el Departamento de Educación de Puerto Rico (DEPR) por no brindarle a su hija, quien nació con perlesía cerebral, los

---

[1] *Véase,* apéndice del recurso, a las págs. 1-24. El dictamen recurrido fue intitulado *Sentencia parcial de archivo administrativo*, sin embargo, a petición del DEPR se enmendó a los fines de intitularlo *Resolución de archivo de estipulaciones*.

servicios educativos y otros relacionados que esta requería y a los cuales tenía derecho en virtud de estatutos estatales y federales.

En 1981 la demanda instada por la señora Vélez fue certificada como un pleito de clase y, tras múltiples incidencias, el 14 de febrero de 2002, el foro primario dictó la sentencia por estipulación cuyo fin es garantizar la educación del estudiantado registrado en el Programa de Educación Especial. Con este norte, y en esa misma fecha, el tribunal autorizó el inicio de un programa de monitoría, que obliga al DEPR a rendir informes periódicos sobre el cumplimiento con las estipulaciones relacionadas a la prestación de servicios a los miembros de la clase[2].

En lo pertinente al recurso que nos ocupa, el 29 de septiembre de 2023, el Tribunal de Primera Instancia autorizó el archivo administrativo de once (11) estipulaciones de la sentencia parcial del caso de autos; ello, a petición del DEPR y según recomendado por la monitora Dra. Pilar Bélendez Soltero[3].

Ante el referido dictamen, el 17 de octubre de 2023, la clase presentó una moción de reconsideración[4]. En ella, planteó que el cierre de las estipulaciones era prematuro y contrario al Plan de Monitoria Actualizado del 14 de febrero de 2019 (PMA 2019). Además, solicitó al foro primario que notificara a los miembros de la clase de conformidad con lo dispuesto en la Regla 20.3 de Procedimiento Civil, 32 LPRA Ap. V. Arguyó que procedía que el Tribunal de Primera Instancia autorizara la publicación de un edicto para viabilizar la notificación adecuada y fehaciente de la entonces intitulada *Sentencia parcial de archivo administrativo*.

Por su parte, el 30 de octubre de 2023, el DEPR presentó su oposición a la solicitud de reconsideración[5].

En esa misma fecha, el DEPR también presentó una solicitud para que el dictamen emitido el 29 de septiembre de 2023, fuera intitulado

---

[2] *Véase*, apéndice del recurso, a las págs. 45-94.

[4] *Íd.*, a las págs. 452-478.

[5] *Íd.*, a las págs. 479-489.

*Resolución*[6]. Ello, por entender que mediante el referido dictamen no se había adjudicado reclamación alguna en el caso, sino que se trataba de un trámite interlocutorio.

Así las cosas, el 9 de noviembre de 2023, el tribunal emitió una resolución mediante la cual declaró **sin lugar** la moción de reconsideración presentada por la clase y, a su vez, declaró **con lugar** la petición del DEPR de enmendar el título del dictamen. En consecuencia, el 1 de diciembre de 2023, el foro primario emitió la *resolución nunc pro tunc* a esos fines, y así le fue notificada a las partes litigantes el 5 de diciembre de 2023[7].

Inconforme con la determinación del Tribunal de Primera Instancia, la clase peticionaria compareció ante nos y formuló los siguientes señalamientos de error:

> Erró el TPI al denegar la publicación del Edicto y autorizar el cierre administrativo de once (11) estipulaciones al determinar que la parte demandante no planteó alguna cuestión sustancial que amerite la modificación de la *Resolución de Archivo Administrativo Nunc Pro Tunc*, originalmente denominada Sentencia Parcial y que queda a discreción del Tribunal atender como finalmente adjudicar el cumplimento del DE con lo estipulado.

> Erró el TPI al denegar la publicación de Edicto para divulgar la Sentencia Parcial en su origen, denominada ahora *Resolución de Archivo Administrativo Nunc Pro Tunc*, privando a los miembros de la clase demandante de ser informados del cierre efectivo de estipulaciones, privándoles, además, de tomar conocimiento a los fines de participar en el proceso ulterior de corroboración en contravención a las disposiciones de la Reglas 20.3 (b) y 72 de Procedimiento Civil y el alto interés público del pleito en el caso de marras.

(Subrayado y bastardillas en el original).

Por su parte, el DEPR presentó su oposición a la expedición del recurso el 4 de enero de 2024[8]. Con el beneficio de la comparecencia de las partes, resolvemos.

II

La *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006(b) que nuestra competencia como Tribunal de

---

[6] *Véase*, apéndice del recurso, a las págs. 490-496.

[7] *Íd.*, a las págs. 1-24.

[8] *Íd.*, a las págs. 479-489.

Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

Así, el auto de *certiorari* constituye el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que se produce, para determinar si es el momento apropiado para nuestra intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Íd.*; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008).

De otra parte, precisa señalar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III

Mediante sus señalamientos, la parte peticionaria aduce que el foro primario erró al autorizar el cierre administrativo de once (11) estipulaciones y al denegar la publicación de dicha determinación mediante un edicto costeado por el DEPR. En su escrito, arguye que el cierre de las estipulaciones resulta prematuro y contrario al Plan de Monitoria Actualizado del 14 de febrero de 2019 (PMA 2019). De igual forma, razona que procedía la publicación del edicto, a costo del DEPR, con el fin de informar a la clase de los efectos del archivo administrativo de las estipulaciones; ello, de conformidad con la Regla 20.3 de Procedimiento Civil, 32 LPRA Ap. V.

Por su parte, el DEPR planteó que el Tribunal de Primera Instancia no había errado al denegar la solicitud de notificación sobre el archivo de las estipulaciones por medio de un edicto, pues dicha directriz no surgía de las propias estipulaciones, ni del PMA 2019. Arguyó que el archivo de las estipulaciones concernía exclusivamente a la Monitora, al Comisionado y al tribunal. Planteó que había cumplido con la normativa y la jurisprudencia aplicables, que justificaban el archivo de las estipulaciones, conforme al PMA.

Cónsono con los principios antes expuestos, para determinar si debemos expedir el auto de *certiorari* solicitado, nos corresponde analizar el asunto que se nos plantea a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal de Apelaciones.

Realizado dicho análisis, no encontramos que, en su determinación, el foro primario haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o la parcialidad que acarreé un fracaso de la justicia. Además, concluimos que la parte peticionaria no logró demostrar que el tribunal se hubiera equivocado en la interpretación o aplicación de

una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra esta.

IV

A la luz de lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones