ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| PUEBLO DE PUERTO RICO<br><br>PETICIONARIO<br><br>v.<br><br>REY RIVERA FÉLIX<br><br>RECURRIDO | KLCE202400951 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Criminal Núm.: NSCR202300100<br><br>Sobre: Tent. A 6.08 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece el señor Rey Rivera Félix (Sr. Rivera; peticionario) por derecho propio, mediante un escrito titulado *Solicitud de [a]plicación de la reducción de la pena en un 25 % del Código Penal de 2012*, *[Artículo] 67[sobre] atenuantes*.

Adelantamos que se deniega el recurso presentado a tenor con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

**I**

El Sr. Rivera Félix expone, alega y nos solicita en su escrito, atendido como un *Recurso de certiorari*, lo siguiente:

1. "[q]ue se encuentra confinado desde el 19 de enero de 2023…";

2. "[q]ue asumió la responsabilidad de sus actos sin haber entrado en juicio en su fondo y sin haber llevado a que el Honorable Tribunal [,] ni su equipo de trabajo entra[r]e en gastos extraordinarios[,] siendo esto una de las atenuantes";

3. "[q]ue si se coteja el expediente del acusado[,] podrá notar que no hubo reducción de sentencia por parte del Tribunal de Primera Instancia y se entiende que no [f]ué orientado por su defensa acerca de la reducción del 25% que provee el Art. 65 establecido en el Art, 67 y en este caso se cuenta con más atenuantes que agravantes de acuerdo a la fijación de [la] pena."[1]

---

[1] *Recurso de certiorari*, pág.1.

Número Identificador
RES2024_____

El escrito presentado por el peticionario no contiene propiamente señalamientos de errores, pero del mismo se desprende que el Sr. Rivera Félix nos solicita la reducción de la sentencia que está cumpliendo por atenuantes. Debemos señalar que el peticionario no incluyó el dictamen del TPI del cual recurre ante nosotros.

Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[2]

**II**

**A. El recurso de *certiorari***

El recurso de *certiorari* "es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior". *Pueblo v. Colón*, 149 DPR 630, 637 (1999). Es un recurso que se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Id.* El Reglamento del Tribunal de Apelaciones dispone en su Regla 40 que para determinar si debemos expedir un auto de *certiorari* debemos tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados

(E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio

---

[2] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro) 4 LPRA Ap. XXII-B R.40.

De acuerdo a lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida **así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio**." (Énfasis nuestro) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

### B. Contenido del recurso de *certiorari*

El Tribunal Supremo de Puerto Rico ha reiterado que las partes, aun las que comparecen por derecho propio, tienen el deber de observar rigorosamente las disposiciones reglamentarias establecidas por nuestro ordenamiento en lo que respecta a la forma, presentación y perfeccionamiento de los recursos. Cónsono con lo anterior, el derecho procesal apelativo autoriza la desestimación de los recursos que no cumplan con las normas establecidas. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) que cita a *Arriaga v. F.S.E.,* 145 DPR 122, 129–130 (1998). Ahora bien, la severidad de esta sanción amerita que el incumplimiento en el que incurra la parte haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Procederá la desestimación solo si se cumple con tal criterio. *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002).

En cuanto al contenido de un recurso de *certiorari*, la Regla 34 (C) del Reglamento del Tribunal de Apelaciones dispone lo siguiente:

> 1. Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
>> a. En la comparecencia, el nombre de las partes peticionarias.
>>
>> b. Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>>
>> c. **Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente, la Sala**

**del Tribunal de Primera Instancia que la dictó; la fecha en que lo hizo y la fecha en que fue notificada**; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

    d. **Una relación fiel y concisa de los hechos procesales y materiales del caso**.

    e. **Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia**.

    f. **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable**.

    g. **La súplica**. 4 LPRA Ap. XXII-B, R. 34 (C).

La solicitud de *certiorari* deberá contener además, un apéndice, salvo lo dispuesto en la Regla 74 del Reglamento de este Tribunal. Sobre este particular, nuestro reglamento dispone que el apéndice que acompaña el recurso de *certiorari* debe incluir lo siguiente:

[…]

(E) Apéndice

    (1) Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

        (a) Las alegaciones de las partes, a saber:

           […]

           -en casos criminales: la denuncia y la acusación, si la hubiere.

        (b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión si la hubiere** […] (Énfasis nuestro.) 4 LPRA Ap. XXII-B, R. 34 (E) (1).

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), concede a este Tribunal la facultad de

desestimar un recurso de apelación o denegar un auto discrecional a iniciativa propia un recurso discrecional por los siguientes fundamentos:

1. que el Tribunal de Apelaciones carece de jurisdicción;

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. **que no se ha presentado o proseguido con diligencia** o de buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

5. que el recurso se ha convertido en académico. (Énfasis suplido.)

**III**

En el presente caso, el recurso presentado por el peticionario no cumple con los requisitos mínimos establecidos en la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*. El Sr. Irizarry no incluyó un apéndice **o al menos copia del dictamen del TPI de la cual se recurre**, lo que incumple con la Regla 34 (E) del Reglamento del Tribunal de Apelaciones, *supra*. Además, el Sr. Irizarry tampoco expuso algún señalamiento de error o desarrolló alguna teoría jurídica o fáctica que justifique la concesión del remedio que solicita. El expediente que tuvimos la oportunidad de evaluar no contiene la información mínima que nos permita ejercer nuestra función revisora. Recordemos que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de [e]stas con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

El peticionario no cumplió con los requisitos de forma y contenido dispuestos en nuestro Reglamento. Tampoco presentó una controversia sustancial que nos permita evaluar lo planteado en el recurso de *certiorari* y determinar si procede algún remedio. Por lo tanto, en el ejercicio de nuestra discreción, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, denegamos la expedición del auto de *certiorari* solicitado por no haberse presentado diligentemente.

**IV**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 83 (C).

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones