# 2007 DTA 68

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL X**

GOBIERNO MUNICIPAL AUTÓNOMO DE PONCE (OFICINA DE PERMISOS)
Recurrido

v.

LEONEL LUGO RODRÍGUEZ
Peticionario

Núm. KLCE-2007-00637

San Juan, Puerto Rico, a 3 de mayo de 2007

Panel integrado por su Presidente, el Juez González Vargas,
y las Juezas Feliciano Acevedo y Carlos Cabrera

Carmen Hilda Carlos Cabrera, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

El 2 de mayo de 2007, el señor Leonel Lugo Rodríguez (peticionario) compareció ante este Tribunal de Apelaciones mediante *"Moción en Auxilio de Jurisdicción al Amparo de la Regla 79 del Reglamento de este Honorable Tribunal"* conjuntamente con petición de *Certiorari*. En cuanto al auxilio de jurisdicción solicitó la suspensión de la vista sobre interdicto pautada para el próximo 4 mayo de 2007 en el Tribunal de Primera Instancia, Sala Superior de Ponce. En el recurso de *Certiorari* nos solicita que revisemos la Orden emitida por dicho foro en la vista del 26 de marzo de 2007 y notificada su correspondiente minuta el 27 de abril del mismo año. █

Mediante la referida Orden, el TPI- al amparo de las disposiciones del Artículo 28 de la Ley Número 76 del 24 de junio de 1974 conocida como Ley Orgánica de la Administración de Reglamentos y Permisos, 23 LPRA §72 (Ley de ARPE)-, declaró *"No ha Lugar"* el requerimiento del peticionario para que se le permita llevar a cabo descubrimiento de prueba con anterioridad a la celebración de la vista de *injunction*.

Examinado el expediente y el derecho aplicable, acordamos no expedir el auto de *Certiorari* solicitado y en consecuencia el auxilio de jurisdicción.

### I

El Gobierno Municipal Autónomo de Ponce (Municipio), a través de su Oficina de Permisos, instó demanda en el TPI de esta municipalidad el 8 de febrero de 2007 sobre *injunction* estatutario contra el señor Leonel Lugo Rodríguez. Ello, de conformidad a las disposiciones del Artículo 28 de la Ley de ARPE, *supra*, y el Artículo 13.017 de la Ley Número 81 del 30 de agosto de 1991, según enmendada, conocida como la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, 21 LPRA § 4615.

Arguye el Municipio que el demandado construyó una estructura de dos (2) plantas en bloque y hormigón armado, la cual consiste de catorce (14) apartamentos y una unidad de vivienda, sin los permisos correspondientes y en contravención con los parámetros del Distrito Rústico Común-4, zona inundable (SRC-4

(1)) donde radica la propiedad. Según las alegaciones del Municipio, su Oficina de Permisos concedió al señor Lugo Rodríguez un término de veinte (20) días para que presentara una solicitud de demolición de la estructura. Inconforme con esta determinación, el demandado recurrió ante la Junta de Apelaciones sobre Construcciones y Lotificaciones. El ingeniero del peticionario desistió de este proceso y, por consiguiente, la Oficina de Permisos del Municipio le reiteró al señor Lugo Rodríguez su obligación de cumplir con lo ordenado inicialmente, a los efectos de presentar la solicitud de demolición.

El incumplimiento del demandado conllevó que el Municipio procediera a requerirle al TPI la expedición del auto de *injunction* permanente y una orden contra el demandado para que radique, en un plazo de diez (10) días, la solicitud de permiso de demolición ante la Oficina de Permisos. Además que se abstenga de construir, reconstruir, ampliar o demoler estructura alguna dentro del Municipio sin los permisos correspondientes y que someta un pago no menor de $5,000.00 a favor de la Oficina de Permisos para el pago de los gastos incurridos en el caso.

El señor Lugo Rodríguez, aquí peticionario, compareció ante el TPI y solicitó que se le permitiera realizar un descubrimiento de prueba antes de que se celebrara la vista de interdicto. En esencia, interesa obtener copia certificada del expediente del procedimiento administrativo que tiene la Oficina de Permisos del Municipio. Argumenta que el permitir el descubrimiento de prueba solicitado no desvirtúa ni afecta el carácter fundamental del *injunction* estatutario y que, además, no está prohibido por ninguna fuente legal.

El TPI denegó al peticionario descubrir prueba antes de la vista de *injunction* señalada para el 4 de mayo de 2007. Este dictamen se dispuso en la vista celebrada y transcrita su correspondiente Minuta el 26 de marzo de 2007. La notificación de esta acta al peticionario fue condicionada al pago previo del arancel correspondiente, lo que conllevó que se notificara el 16 de abril de 2007 y, por lo tanto, que el término para recurrir ante este foro apelativo no empezara a correr hasta tanto hubo una notificación efectiva por parte del TPI a las partes.

Inconforme con la prohibición del TPI para descubrir prueba, el señor Lugo Rodríguez recurre ante este foro, mediante "*Moción en Solicitud de Auxilio de Jurisdicción al Amparo de la Regla 79 de este Honorable Tribunal*" conjuntamente con petición de *Certiorari* el 2 de mayo de 2006. Ese mismo día este tribunal emitió una Resolución denegándole al peticionario la expedición del auxilio de jurisdicción por éste haber incumplido con el requisito de notificación simultánea que exige la Regla 79 (E) de nuestro Reglamento. Nuevamente inconforme-recurre hoy para solicitar reconsideración de nuestra determinación mediante "*Moción Urgente en Solicitud de Reconsideración*".

## II

Lo primero que debemos abordar es la naturaleza del recurso de *Certiorari* como un mecanismo procesal discrecional y de carácter extraordinario. Su propósito es que un tribunal de mayor jerarquía pueda corregir aquellos errores de derecho que un tribunal inferior pudo haber cometido. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). La discreción que tiene el foro apelativo para expedir o no el auto solicitado está condicionada por la razonabilidad, aplicada al discernimiento judicial, para lograr una conclusión justiciera. *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, promulgado el 20 de julio de 2004, 4 LPRA Ap. XXII-A, R. 40, establece los criterios que debemos considerar cuando estamos ante una petición de expedir un auto de *Certiorari*. La referida regla dispone:

"*El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios*

3

*a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 L.P.R.A. Ap. XXII-B, R. 40."*

En consideración a estos criterios que dirigen y delimitan nuestra discreción para expedir o no un *Certiorari,* examinemos con detenimiento el presente recurso.

El Art. 28 de la Ley de ARPE, *supra,* faculta al Administrador de esta entidad o al Secretario de Justicia para, en los casos que así se solicite por parte interesada, *"entablar recurso de interdicto, mandamus, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construído [sic], o cualquier edificio o uso, hechos o mantenidos en violación de este Capítulo o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración [de ARPE]".* Asimismo crea y reglamenta un procedimiento especial para atender este recurso de interdicto.

De esta manera, el Artículo 28 se caracteriza por ser un proceso estatutario, especial y sumario que se limita a la obtención de órdenes para paralizar, así sea provisional o permanentemente, usos contrarios a la ley. *Adm. de Reglamentos y Permisos v. Johnny Rivera Morales,* 159 DPR. \_\_\_, **2003 JTS 75**, 984. Su razón de ser es viabilizar y vindicar el cumplimiento de la Ley de ARPE y su reglamentación. *Id.*

El Tribunal Supremo ha distinguido este interdicto estatutario del interdicto *(injunction)* tradicional. La distinción más clara es que, precisamente por su naturaleza estatutaria, el mecanismo del Artículo 28, *supra,* no es uno fundamentado en los principios de equidad anglosajona que cobijan el interdicto tradicional y, por lo tanto, su evaluación deberá circunscribirse a las disposiciones del antedicho artículo y la jurisprudencia interpretativa. *Id.*

Aclarada esta distinción, bajo el procedimiento sumario del Artículo 28, *supra,* no hay que agotar remedios administrativos para poder acudir ante el TPI a solicitar el interdicto. *Véase* Artículo 28(a), *supra*; *Municipio de Caguas v. AT&T Wireless PCS,* res. 18 de junio de 2001, 154 DPR \_\_\_, **2001 JTS 96**. La parte con interés deberá, mediante declaración jurada ante el TPI, identificar la estructura, rótulo o anuncio cuya construcción, instalación, utilización, ampliación, entre otras categorías identificadas por el Artículo 28(a), *supra,* representa una violación al Capítulo de ley citado o sus reglamentos, mapas o planes. Deberá, además, especificar los actos constitutivos de violación e identificar al infractor. La jurisprudencia resume cuál debe ser el contenido de la petición jurada de la siguiente manera: *"(1) que determinada persona está realizando un uso u obra, (2) que dicha conducta viola una ley o reglamento de planificación, y (3) que A.R.P.E. tiene la obligación de velar por el cumplimiento de dicha disposición." Plaza las Américas v. N. & H, S.E.,* 165 DPR \_\_\_, **2006 JTS 8**, 729.

**Será deber del tribunal expedir una orden provisional en la cual le requiera a la parte querellada paralizar inmediatamente, bajo apercibimiento de desacato, la obra, el uso o instalación hasta tanto se ventile judicialmente su derecho.** (Énfasis suplido) *Véase*, Artículo 28(a) de la Ley de ARPE, 23 LPRA §72 (a).

En esta orden provisional, el tribunal fijará la fecha de la vista, la cual deberá celebrarse dentro de los diez (10) siguientes a la presentación de la petición, y se deberá advertir al querellado sobre su derecho comparecer con o sin representación legal, a confrontarse con las imputaciones que se le hacen y de la posibilidad de dictar una orden permanente si dejare de comparecer a ese señalamiento. *Véase* Artículo 28(b) de la Ley de ARPE, 23 LPRA §72(b). El modo de diligenciar esta orden será igual que en los casos de desahucio. *Véase* Artículo 28(d) de la Ley de ARPE, 23 LPRA §72(d).

Por otra parte, al querellado no se le requiere que presente alegación escrita en contestación a la petición, pero podrá oponer cualquier defensa procedente como si fuera un caso criminal. No se cobrarán costas y, siempre que surja controversia de los hechos, el tribunal podrá realizar una inspección ocular, por *motu propio* o a petición de parte. *Véase* Artículo 28(e) de la Ley de ARPE, 23 LPRA §72(e).

El tribunal tiene el deber de emitir su resolución dentro de los diez (10) días siguientes a la celebración de la vista. *Véase* Artículo 28(f) de la Ley de ARPE, 23 LPRA §72(f). Los incisos subsiguientes del mismo artículo indican el derecho de apelar las resoluciones u órdenes ante el Tribunal de Apelaciones, el impedimento de dictar sentencia en una acción criminal sobre los mismos hechos cuando se inició el procedimiento especial, lo relativo a la imposición de honorarios de abogado por temeridad y las consecuencias de violar los términos de la orden provisional o permanente que recaiga.

Nótese que por razón de la naturaleza sumaria y especial de este procedimiento, la determinación del tribunal es una de carácter **provisional y en el cual se requiere una acción ulterior e independiente para lograr una adjudicación final de la controversia**, sin que ello implique una violación a la doctrina de cosa juzgada. *Plaza las Américas,* **2006 JTS 8**, en la pág. 730. Este procedimiento posterior podrá ventilarse ante la agencia administrativa correspondiente o a través de un proceso ordinario en el tribunal, según sea el caso. *Id.*

Tanto la orden provisional (aquélla que surtirá efecto hasta tanto se ventile judicialmente el derecho) como la permanente (aquélla producto de una determinación del tribunal a los efectos de que se cumplieron los requisitos procesales y que ocurrió la infracción alegada) comparten una serie de características. Primero, ninguna de ellas se podrá dejar sin efecto a través de otro procedimiento especial. Segundo, ambas órdenes obligan a las partes hasta que se vea el procedimiento ulterior correspondiente. Tercero, las partes quedarán obligadas por el interdicto hasta tanto haya una decisión final, producto del procedimiento ordinario y que altere el estado de derecho provisional. *Id.* en la pág. 731.

### III

La normativa aplicable al *injunction* estatutario del que trata este caso nos lleva a concluir que en esta etapa de los procedimientos no procede la expedición del auto de *Certiorari* solicitado. La determinación del TPI, en cuanto a no permitir el descubrimiento de prueba con anterioridad a la celebración de la vista pautada para el 4 de mayo de 2007, que habrá de ventilarse al amparo de las disposiciones del Artículo 28 de la Ley de ARPE-, no es contraria a derecho. Su determinación, conforme a lo apuntado, es en respuesta al carácter especial, sumario y provisional que cobija el Artículo 28, *supra.* Por disposición de ley, una vez se invoca el procedimiento especial, el tribunal paralizará provisionalmente la obra o uso y cumplidos los demás requisitos enumerados en el estatuto, determinará si ha ocurrido la violación alegada. En tal caso es que se ordenará la paralización permanente del uso u obras sujeta a las formas y condiciones que especifica el Art. 28. Lo que significa que el procedimiento especial no desplaza la función administrativa. Es, como indicamos, un mecanismo provisional. En este punto, lo que se persigue es viabilizar, mediante la paralización de usos u obras,

la efectividad de las leyes y reglamentos de planificación cuyo cumplimiento el organismo administrativo o el Municipio viene obligado a fiscalizar. *Plaza las Américas*, **2006 JTS 8**, en la pág. 729.

En conclusión, el reclamo del peticionario de que se le permita en esta etapa un breve descubrimiento de prueba previo a la vista de interdicto es improcedente. Y lo que motiva su solicitud de descubrimiento de prueba, -la obtención de copia certificada del expediente en el procedimiento administrativo ante la Oficina de Permisos del Municipio de Ponce-, es también insostenible. El peticionario, desde que se presentó la demanda de este caso que tiene fecha de 8 de febrero de 2007, pudo haber obtenido dicha copia certificada en la Oficina de Permisos del Municipio. Este expediente, al igual que cualquier otro de similar naturaleza, es uno de carácter público y accesible desde siempre.

Por último, tomando en consideración el carácter sumario de este proceso y que se recurre de una determinación interlocutoria previo a la celebración de la vista, reiteramos el alcance limitado de cualquier intervención nuestra en esta etapa de los procedimientos. Conforme al Art. 28 (f), *supra,* se contempla el derecho de una parte para acudir ante este Tribunal del dictamen emitido por el TPI, luego de la celebración de la vista. Este trámite aún no se ha llevado a cabo, lo que abona a nuestra determinación de no expedir el *Certiorari* presentado y la "*Moción Urgente en Solicitud de Reconsideración*" referente a la solicitud en auxilio de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese inmediatamente vía facsímil o teléfono y por la vía ordinaria.

<div align="right">

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones