ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROBERTO VELÁZQUEZ TORRES<br>Recurrida<br><br>v.<br><br>DIANA O. LÓPEZ DEL POZO<br>Peticionaria | KLCE202301105<br>consolidado<br>con el<br>KLCE202301126 | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Caso núm.:<br>J DI2017-0331.<br><br>Sobre: Divorcio. |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la jueza Romero García y el juez Rivera Torres.

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de marzo de 2024.

Comparecen la peticionaria Stephanie Velázquez López (peticionaria Stephanie Velázquez), mediante un recurso de *certiorari* identificado con el alfanumérico KLCE2023001105, y la peticionaria Diana O. López Del Pozo (peticionaria López del Pozo), en el recurso consolidado del epígrafe e identificado con el alfanumérico KLCE2023001126. Ambas peticionarias recurren de una *Resolución* emitida y notificada el 6 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala de Relaciones de Familia del Centro Judicial de Ponce (TPI).

Adelantamos que se deniega la expedición del auto de *certiorari* en los dos recursos consolidados.

**I**

El señor Roberto Velázquez Torres (recurrido Velázquez Torres) contrajo matrimonio con la peticionaria López del Pozo el 12 de diciembre de 1987.[1] El 17 de mayo de 2017, el recurrido Velázquez Torres presentó una demanda de divorcio contra la peticionaria López del Pozo. [2]

El 30 de junio de 2017, en lo pertinente a los recursos consolidados ante nuestra consideración, el TPI emitió una *Resolución* que aprobó la

---

[1] Apéndice del recurso KLCE202301105, pág. 1.
[2] *Id.*

recomendación del Examinador de Pensiones Alimentarias (EPA) para establecer una pensión provisional de mil dólares ($1,000.00) mensuales a favor de dos (2) hijas procreadas por el recurrido Velázquez y la peticionaria López del Pozo, menores de edad ambas a la fecha de la presentación de la demanda de divorcio (peticionaria Stephanie Velázquez y su hermana Natalia Velázquez), como sigue:

> La recomendación del Oficial Examinador de Pensiones Alimentarias en su Acta-Informe de 20 de junio de 2017 se atiende, adopta y hace formar parte de la presente Resolución.
>
> A tenor con lo dispuesto en el Artículo 19 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA Sec. 518, según enmendada, **se declara Ha Lugar la solicitud de alimentos presentada.**
>
> De conformidad con lo dispuesto en el Artículo 17 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA Sec. 516, se establece a la persona no custodia, Roberto Velázquez Torres, una pensión alimentaria provisional de $1,000 mensuales. La pensión será efectiva al 26 de mayo de 2017 y entregada directamente a las menores alimentistas.
>
> El padre no custodio asumirá el pago de los estudios universitarios de las menores, el pago del hospedaje, y la cubierta médica. De igual forma, asume en su totalidad el gasto por concepto de transportación aérea en los meses de agosto, diciembre, enero y mayo.
>
> En virtud de lo dispuesto en el Artículo 19 (c) 8 LPRA Sec. 518, esta pensión alimentaria no podrá ser revisada hasta transcurridos tres años, a menos de que ocurran circunstancias extraordinarias o cambios sustanciales que ameriten la revisión de la pensión antes del término establecido por Ley.
>
> Se ordena a las partes llenar con la brevedad posible en la oficina de ASUME más cercana, una Solicitud de Servicios o una Renuncia a los Servicios conforme lo requiere el Título IV.D del Social Security Act.
>
> Se apercibe a las partes que deberán informar al Tribunal, dentro de los 10 días siguientes a la ocurrencia de cualquiera de los siguientes eventos; cambio en su dirección residencial, de patrono o en la cubierta del seguro médico disponible.[3]

El 24 de mayo de 2018, se emitió la *Sentencia* de divorcio entre la peticionaria López del Pozo y el recurrido Velázquez Torres.[4] Posteriormente, el 20 de junio de 2019, la peticionaria Stephanie Velázquez

---

[3] Apendice del recurso KLCE202301105, pág. 50.
[4] Apendice del recurso KLCE202301105, pág. 1.

presentó una *Demanda de Alimentos entre Parientes*.[5] Luego, al advenir a la mayoría de edad, la joven Natalia Velázquez presentó una *Solicitud de Alimentos entre Parientes* el 23 de junio de 2020.[6] Ambas peticiones de alimentos de parientes fueron acogidas por el TPI.

Luego de varios trámites ante el EPA, descritos en la resolución recurrida, que incluyen vistas sobre las solicitudes de alimentos de parientes solicitados por la peticionaria Stephanie y su hermana Natalia Velázquez, y señalamientos de Vista de Alimentos entre Parientes para determinar los gastos de la peticionaria Stephanie Velázquez y Natalia Velázquez, inhibición de jueces y recursos previos ante el Tribunal de Apelaciones, se llevó a cabo la Vista en su fondo para determinar alimentos entre parientes. El Tribunal de Instancia recibió el testimonio de la peticionaria Stephanie Velázquez, Natalia Velázquez, el testigo Lawrence Veloudis, el recurrido Velázquez y la peticionaria López del Pozo.[7]

El TPI emitió y notificó, el 6 de septiembre de 2023, la resolución recurrida, en la cual hizo determinaciones de hechos de los reclamos de alimentos de la peticionaria Stephanie Velázquez y su hermana, Natalia Velázquez.[8] Conforme a esas determinaciones de hechos, concluyó que procede adjudicar "las peticiones de alimentos entre parientes de las jóvenes alimentistas conforme a las disposiciones del Código Civil de 1930, vigentes a la fecha en que ambas jóvenes presentaron sus correspondientes solicitudes de alimentos entre parientes"[9] y en detalle expuso sus fundamentos de derecho.

Finalmente, el foro recurrido adjudicó las solicitudes de alimentos entre parientes presentadas por la peticionaria Stephanie Velazquez y su hermana Natalia Velazquez, como sigue:

**En cuanto a la joven Natalia Velázquez López**:

De la prueba desfilada ante nuestra consideración se desprende que Natalia tiene un progreso académico

---

[5] Apendice del recurso KLCE202301105, pág. 1.
[6] Apendice del recurso KLCE202301105, pág. 1.
[7] Apendice del recurso KLCE202301105, pág. 13.
[8] Apendice del recurso KLCE202301105, págs. 13-24
[9] Apendice del recurso KLCE202301105, págs. 25-26.

satisfactorio, Como cuestión de hecho el propio demandante reconoció que esta es acreedora de una pensión de alimentos entre parientes, a pesar de que en su argumentación final se retractó. Los ingresos reportados por Natalia son mínimos por lo que el Tribunal está convencido de su necesidad. Este Tribunal determina mantener la pension alimentaria para el beneficio de la joven **Natalia Velázquez López hasta el mes de mayo 2024, sujeto a que apruebe los tres cursos que estaba cursando a la fecha en que ofreció su testimonio. Se dispone expresamente que, <u>de no aprobar todos los cursos</u>, la pensión será efectiva hasta el mes de diciembre 2023.**

Los gastos mensuales de Natalia, conforme su testimonio incontrovertido, consisten en $1,166.00 de renta u hospedaje y $1,548.56 entre comida, artículos del hogar y de higiene personal, transportación y entretenimiento. Esto totaliza **$2,714.56** mensuales, sin incluir los gastos extraordinarios de matrícula, libros y transportación aérea durante los meses de agosto, diciembre, enero y mayo. Se dispone expresamente que los gastos extraordinarios **deberán ser pagados a los cinco (5) días** siguientes de presentarse por la joven la correspondiente factura y/o recibo a razón del porciento aquí establecido a cada alimentante.

En este punto compete establecer la capacidad y proporción de cada uno de los padres alimentantes. Compete establecer que este Tribunal no estará considerando los ingresos de la corporación para este ejercicio por ser un ente jurídico con personalidad separada del demandante y no se presentó prueba suficiente que nos permita descorrer el velo corporativo. Tras analizar la prueba desfilada ante nuestra consideración este Tribunal concluye que **el [recurrido Velázquez] tiene la capacidad de generar al menos $20,000.00 mensuales y la [peticionaria López del Pozo] tiene la capacidad de generar al menos $2,000.00 mensuales.** En términos de proporción corresponde al [recurrido Velázquez] asumir un 90% de las necesidades de las jóvenes alimentistas y a la [peticionaria López del Pozo] le corresponde asumir el 10%.

Se determina que a **partir del 23 de <u>junio</u> de 2020 al demandante** le corresponde aportar el noventa por ciento (90%) de los gastos de la joven Natalia como pensión alimentaria mensual para un total de **$2,443.10 mensuales,** más el noventa por ciento (90%) de los gastos extraordinarios. Corresponde a la demandada aportar el diez por ciento (10%) de los gastos de la joven Natalia como pensión alimentaria mensual para un total de **$271.46** mensuales, más el 10% de los gastos extraordinarios.

***En cuanto a la joven Stephanie Velázquez López:***

La joven Stephanie Velázquez López no logró establecer que tuvo un aprovechamiento académico adecuado. La prueba desfilada ante nuestra consideración estableció que ello se debió a que le afectó emocionalmente los incidentes acaecidos tras la separación de sus padres. Para ello recibió ayuda profesional y se le brindaron acomodos razonables en la universidad. Un análisis sereno y sosegado de las circunstancias particulares de Stephanie nos lleva a

mantener su pensión alimentaria hasta el mes de mayo de 2023, fecha en que culmina el año académico universitario tras cumplir los veinticinco (25) años. En atención a la aptitud, actitud presentada y el periodo transcurrido desde que comenzó estudios la pensión alimentaria aquí dispuesta para el beneficio de la joven Stephanie comprenderá el periodo del **20 de junio de 2019,** fecha en que *presentó la Demanda de Alimentos entre Parientes* **hasta el mes de mayo de 2023**; esto equivale a **47 meses.** El periodo previo se mantiene conforme la Resolución del 2017. Destacamos que no surge prueba admitida evidencia ni documentos en el expediente que establezcan que, posterior a la emisión de las certificaciones médicas admitidas en evidencia, la joven Stephanie tuviese alguna condición que limitara de alguna forma su aptitud para los estudios.

Los gastos mensuales de Stephanie, según acreditados durante la Vista Evidenciaria ascienden a **$3,323.14**; lo que incluye $1,166.00 de hospedaje y $2,517.00 de gastos de comida, transportación, artículos de higiene y del hogar, entre otros. Esta suma no incluye los gastos extraordinarios de matrícula, libros, y transportación aérea durante los meses de agosto, diciembre, enero y mayo cuyo pago es procedente, tras presentarse los correspondientes recibos y/o facturas.

Se determina que **para el periodo de junio 2019 hasta mayo 2023 al demandante** le corresponde aportar el noventa por ciento (90%) de pension alimentaria mensual a la joven Stephanie para un total de **$2,990.83 mensuales**, más el noventa por ciento (90%) de los gastos extraordinarios de matrícula, libros y transportación aérea durante los meses de agosto, diciembre, enero y mayo que se hayan incurrido en este periodo. De igual forma, corresponde a la demandada aportar el diez por ciento (10%) de pension alimentaria mensual a la joven Stephanie **para el periodo de junio 2019 hasta mayo 2023** para un total de **$332.31** mensuales, más el diez por ciento (10%) de los gastos extraordinarios matrícula, libros y transportación aérea durante los meses de agosto, diciembre, enero y mayo que se hayan incurrido en este periodo de junio 2019 a mayo de 2023.

En atención al planteamiento del [recurrido Velázquez] sobre los préstamos estudiantiles tomados por la joven Stephanie este Tribunal determina que los mismos no relevan a los alimentantes de la obligación del pago de las matrículas y demás gastos. La prueba desfilada y no controvertida estableció que la joven Stephanie se vió en la necesidad de tomar los aludidos préstamos ante la inconsistencia y demora del [recurrido Velázquez] en pagar, siendo este el entonces responsable del pago total de los gastos de matrícula conforme la Resolución del 2017. Asimismo, determinamos como medida de equidad que **los alimentantes no serán responsables del pago de la matrícula correspondiente a la baja total de la joven Stephanie.**

Destacamos que nuestra determinación del 9 de agosto de 2023 *relevando del pago de alimentos entre parientes al Sr. Roberto Velázquez Torres con relación a la joven Stephanie Marie Velázquez López efectivo al 31 de julio de 2023* fue una medida provisional ante el incumplimiento de las jóvenes alimentistas con las órdenes del Tribunal. La procedencia en

derecho de los alimentos era un asunto que estaba *subjudice* el cual ha sido adjudicado en este escrito.[10]

Conforme a lo antes adjudicado, el TPI declaró **Ha Lugar** la Solicitud de Alimentos entre Parientes de la joven Natalia y **Ha Lugar** la Demanda de Alimentos entre Parientes de la joven Stephanie y dispuso lo siguiente:

> **Se ordena a las jóvenes alimentistas hacer la conciliación** de lo pagado y lo que debió pagar cada uno de los alimentantes en función de lo aquí dispuesto, estableciendo el total que reclaman como deuda a cada alimentante, si alguna. En este ejercicio, **se ordena a las jóvenes alimentistas acreditar a la cuantía adeuda por los alimentantes, si alguna, la cantidad de $25,984.17** a razón de $23,385.75 al demandante, esto equivale al noventa por ciento (90%), y $2,598.42 a la demandada, esto equivale al diez porciento (10%), en partes iguales para cada joven. Es decir, <u>cada joven alimentista deberá acreditarle $11,692.87 a la deuda, si alguna, del demandante y $1,299.21 a la deuda, si alguna, de la demandada</u>.
>
> Esta conciliación se notificará a las partes y al Tribunal mediante *Moción* en el término de **diez (10) días** contados a partir de la notificación de la presente Resolución. Recibida la misma, cada alimentante tendrá **cinco (5) días** para presentar sus objeciones, si alguna. Se advierte que transcurrido dicho término sin recibirse oposición de algún alimentante el Tribunal dictará Resolución estableciendo la deuda, si alguna, según informada por las jóvenes alimentistas.
>
> Se dispone expresamente que una vez establecida la deuda se emitirá Orden para que la misma sea pagada mediante el retiro de fondos de las cuentas de inversión de los alimentantes. **Se ordena al [recurrido Velázquez]** identificar la cuenta disponible para tales fines e informarlo a este Tribunal en el término de diez (10) días.
>
> Además, se dispone que la pensión alimentaria de la joven Natalia será pagada directamente a esta mediante depósito a su cuenta bancaria **por ambos alimentantes**, los primeros cinco (5) días de cada mes, hasta el mes de mayo 2024, sujeto a que aprueba los créditos matriculados para este semestre. Reiteramos que, de no aprobar todos los créditos, la pensión será efectiva hasta diciembre 2023.[11]

Inconforme, el 21 de septiembre de 2023, la peticionaria Stephanie Velázquez presentó *Reconsideración*.[12] El TPI emitió el 26 de septiembre de 2023 una *Resolución*, notificada el 29 de septiembre de 2023, que declaró no ha lugar la Reconsideración. [13]

---

[10] Apéndice del recurso KLCE202301105, págs. 29-31. (Énfasis y subrayado en original.)
[11] Apéndice del recurso KLCE202301105, pags. 31-32. (Énfasis y subrayado en original.)
[12] Apéndice del recurso KLCE202301105, pags. 33-42
[13] Apéndice del recurso KLCE202301105, pags. 43-44.

También inconforme, el 19 de septiembre de 2023, la peticionaria López del Pozo, presentó una *Moción de reconsideración*.[14] El TPI emitió el 21de septiembre de 2023 una *Resolución*, notificada el 3 de octubre de 2023, que declaró no ha lugar la Reconsideración.[15]

Aún inconformes, la peticionaria Stephanie Velázquez y la peticionaria Lopez del Pozo presentaron los recursos consolidados, como se expone a continuación:

El 6 de octubre de 2023, la peticionaria Stephanie Velázquez presentó un recurso de *certiorari*, identificado con el **alfanumérico KLCE202301105**, en el cual nos solicita la expedición de un auto de *certiorari* y no solicita la revocación de la resolución emitida el 6 de septiembre de 2023 con relación a su reclamación de alimentos entre parientes.

Por su parte, el 12 de octubre de 2023, la peticionaria Lopez del Pozo presentó un recurso de *certiorari*, identificado con el **alfanumérico KLCE202301126**; en la misma fecha, presentó una *Solicitud de orden en auxilio* de *jurisdicción*, en la cual nos solicitó la paralización de los efectos de la resolución dictada por el TPI, el 6 de septiembre de 2023, que dispuso para la liquidación de unas cuentas de inversión, con el fin de acceder a esos fondos para el pago del retroactivo adeudado en concepto de pensión alimentaria para beneficio de las hijas habidas en el matrimonio.

El 13 de octubre de 2023, emitimos una *Resolución* en la cual se consolidaron ambos recursos y ordenamos **la paralización de aquella parte de la resolución del Tribunal de Primera Instancia que dispuso para la liquidación o apertura de las cuentas de inversión en controversia**.[16]

**En el recurso KLCE202301105**, la peticionaria Velázquez expone los siguientes señalamientos de errores:

1. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, AL SOLO CONCEDER ALIMENTOS ENTRE PARIENTES POR CUESTIÓN DE ESTUDIO HASTA MAYO DE 2023.

---

[14] Apéndice del recurso KLCE202301126, pags.34-38.
[15] Apéndice del recurso KLCE202301105, pags. 39-40.
[16] Apéndice del recurso KLCE202301105 (resolución recurrida) a la página 32, párrafo segundo que lee como sigue: "Se dispone expresamente que una vez establecida la deuda se emitirá Orden para que la misma sea pagada mediante el retiro de fondos de las cuentas de inversión de los alimentantes. **Se ordena al [recurrido Velázquez]** identificar la cuenta disponible para tales fines e informarlo a este Tribunal en el término de diez (10) días." (Énfasis en original.)

2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, AL NO TOMAR EN CONSIDERACIÓN RESOLUCIONES PREVIAS, FINALES Y FIRMES, QUE HABÍAN ESTABLECIDO EL DERECHO DE LA COMPARECIENTE A ALIMENTOS ENTRE PARIENTES, TENIENDO LA HONORABLE JUEZ LA [Ú]NICA ENCOMIENDA DE EVALUAR LOS GASTOS DE LA COMPARECIENTE E IMPONER UNA PENSI[Ó]N ALIMENTARIA.

3. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, AL REALIZAR UN CÁLCULO INCORRECTO, EL CUAL SURGE DE LA RESOLUCI[Ó]N DEL 6 DE SEPTIEMBRE DE 2023, CÁLCULO QUE PUEDE SER CORREGIDO MEDIANTE UNA ENMIENDA NUNC PRO TUNC.

**En el recurso KLCE202301126**, la peticionaria López del Pozo expone los siguientes señalamientos de errores:

1. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, AL PASAR POR ALTO LA LEY DEL CASO, LA CUAL ESTABLECÍA QUE NO SE IBA A TOMAR EN CONSIDERACIÓN NI[N]GUNA PRUEBA SOBRE UNAS ALEGADAS CUENTAS DE INVERSIÓN, SUPUESTAMENTE PARA ESTUDIOS DE LOS HIJOS DEL MATRIMONIO.

2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, AL JUZGAR UN ASUNTO QUE NO ESTABA ANTE SU CONSIDERACIÓN, SIENDO LAS ÚNICAS CONTROVERSIAS PARA RESOLVER, CUAL ERA EL MONTO DE LAS PENSIONES ALIMENTARIAS, LA CAPACIDAD ECONÓMICA DE LOS PADRES Y LA PROPORCIÓN EN QUE CADA CUAL PAGARÍA LA PENSIÓN ALIMENTARIA.

El 2 de noviembre de 2023, el recurrido presentó su *Alegato en oposición a petición de certiorari*. Con el beneficio de los escritos de ambas partes, resolvemos.

**II**

El recurso de *certiorari* "es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior". *Pueblo v. Colón*, 149 DPR 630, 637 (1999). Este es el recurso utilizado "para revisar tanto errores de derecho procesal como sustantivo". *Id*. En nuestro ordenamiento procesal

civil, en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32

LPRA Ap. V, R.52.1 dispone lo siguiente:

[…]

**El recurso de *certiorari* para revisar resoluciones** u órdenes interlocutorias **dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se** recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros**,** anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.**

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

La norma establecida es que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. Se ha reiterado que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Ante la denegatoria de una moción de sentencia sumaria, el presente recurso tiene cabida bajo las materias comprendidas por la referida regla.

Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. En primer lugar, debemos analizar si la

materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari.* Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido [o]

una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[17] sino que como Tribunal revisor debemos ceñirnos a los criterios antes señalados. **Si luego de evaluar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo.[18]**

Los foros apelativos no debemos intervenir con las determinaciones de los tribunales de instancia, "**salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial".** (Énfasis nuestro.) *Lluch v. España Service Sta*., 117 DPR 729, 745 (1986). Por último, es pertinente enfatizar que **se ha resuelto que el denegar la expedición de un auto de *certiorari* no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo** intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia". (Énfasis nuestro.) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**III**

En el presente caso se recurre de una *Resolución* emitida por el TPI, en la cual se adjudica el pago pensión de alimentos entre parientes, solicitada por dos hijas procreadas por la peticionaria López del Pozo y el recurrido Velazquez, a ser pagada por ambos padres. En ambos recursos se recurre de una Resolución relacionada con asuntos de familia.

La Regla 52.1 de Procedimiento Civil, *supra*, nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción, si estas versan

---

[17] *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[18] 32 LPRA Ap. V, R. 52.1.

sobre asuntos de casos de relaciones de familia. Sin embargo, es preciso recalcar que nuestra discreción no se ejerce en el vacío. Por su parte, la Regla 40 de Procedimiento Civil, *supra*, establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional para expedir un auto de *certiorari*. Cónsono con lo anterior, no encontramos que el tribunal primario haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni que intervenir en esta etapa evitaría un perjuicio sustancial contra los peticionarios, razón por la cual denegamos la expedición del *certiorari*.

Evaluados los recursos ante nosotros y la resolución recurrida, bajo los criterios de la Regla 40 de Procedimiento Civil, concluimos que debemos denegar la expedición de los autos de *certiorari* en esta etapa de los procedimientos.

**IV**

Por los fundamentos antes expuestos, **se deniega la expedición de los autos de** *certiorari* **en los recursos KLCE202301105 y KLCE202301126**, consolidados y **se deja sin efecto la Resolución emitida el 13 de octubre de 2023, en auxilio de jurisdicción,** en cuanto a la orden de **paralización de aquella parte de la resolución recurrida del Tribunal de Primera Instancia que dispuso para la liquidación o apertura de las cuentas de inversión en controversia**.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones