ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EDWIN RUBERO ALVARADO<br><br>PETICIONARIO<br><br>v.<br><br>BEST PETROLEUM, CORP. Y OTROS<br><br>RECURRIDO | KLCE202400613 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2022CV01385<br><br>Sobre:<br>Desahucio en precario y cobro de dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nosotros el Sr. Edwin Rubero (Rubero; Peticionario; Demandante) mediante un recurso de *certiorari* y nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, el 12 de abril de 2024 y notificada el 16 de abril de 2024.[1] En este dictamen, el TPI declaró NO HA LUGAR a la petición de Sentencia Sumaria Parcial presentada por el Sr. Rubero.

Adelantamos que por los fundamentos que expondremos a continuación se deniega la expedición del auto de *certiorari*.

**I**

El 25 de marzo de 2023, el Sr Rubero presentó una *Demanda Enmendada* sobre Desahucio en Precario y Cobro de Dinero, en contra de Best Petroleum Corp. (Best; BP) y Tres Bravo Corp (Tres Bravo; TBC), en conjunto la Parte Demandada y Recurrida.[2] Esta Demanda Enmendada se deriva de la demanda original presentada por el Peticionario el 22 de marzo de 2022 en contra de Best, la cual fue enmendada para incluir a TBC en el pleito. En modo general, el Sr. Rubero alega que es dueño de la propiedad de interés y que desde mayo

---

[1] Apéndice del Recurso, págs. 344-351.
[2] Apéndice del Recurso, págs. 1-6.

de 2021 estaba en conversaciones con Best para otorgar un contrato de arrendamiento sobre dicha propiedad. Mientras se negociaban las cláusulas del contrato de arrendamiento, el Sr. Rubero autorizó a BP aprovecharse del inmueble a través de un acuerdo verbal temporero. No obstante, el Peticionario alega que por los actos de Best optó por no continuar las negociaciones y solicitó a BP que desalojara la propiedad. Sin embargo, Best no desalojó la propiedad y la misma se encuentra subarrendada a TBC.

El 24 de mayo de 2023, Best presentó su *Contestación a Demanda Enmendada y Reconvención*,[3] la cual se deriva de su contestación original presentada, el 18 de mayo de 2022. BP niega las causas de acción incoadas por la Parte Demandante. Best alega que alcanzó un contrato verbal sobre el arrendamiento y lo que restaba era reducirlo a escrito. Mas aún, que este contrato verbal fue perfeccionado antes de que BP estuviera en posesión de la propiedad con todos sus términos. Por otra parte, Best presentó sus defensas afirmativas y solicitó al Tribunal el cumplimiento del contrato de arrendamiento.

El 26 de julio de 2023, Tres Bravo presentó su *Contestación a Demanda Enmendada*.[4] En síntesis, TBC alega que el contrato de arrendamiento se perfeccionó y que existe un contrato de subarrendamiento entre Best y Tres Bravo. Además, levantó sus defensas afirmativas y negó las causas de acción del Demandante.

El 5 de junio de 2023, el Sr. Rubero presentó su *Contestación a Reconvención*, en la cual levantó sus defensas afirmativas.[5] El 23 de agosto de 2023, el Peticionario presentó *Moción en Solicitud de Sentencia Sumaria Parcial*.[6] El 11 de octubre de 2023, Best presentó su *Oposición Preliminar a Moción de Sentencia Sumaria Parcial*.[7] El 13 de octubre de 2023, Tres Bravo presentó su *Oposición a Sentencia Sumaria Parcial*.[8] El

---

[3] Apéndice del Recurso, págs. 7-18.
[4] Apéndice del Recurso, págs. 19-24.
[5] Apéndice del Recurso, págs. 25-26.
[6] Apéndice del Recurso, págs. 27-37.
[7] Apéndice del Recurso, págs. 61-83.
[8] Apéndice del Recurso, págs. 110-125.

10 de enero de 2024, el Sr. Rubero presentó *Réplica a Oposiciones a Moción de Sentencia Sumaria Presentadas por Tres Bravos.*[9] También en esta fecha presentó *Réplica a Oposiciones a Moción de Sentencia Sumaria Presentadas por Best Petroleum.*[10] El 1 de febrero de 2024, Best presentó *Dúplica a Réplica Sobre Moción de Sentencia Sumaria Parcial al Honorable Tribunal.*[11] El 1 de febrero de 2023, Tres Bravo presentó *Dúplica a Réplica a Oposiciones a Moción de Sentencia Sumaria.*[12] Recibidas las mociones, el 12 de abril de 2024, el TPI emitió su *Resolución* en la cual declaró "NO HA LUGAR" a la petición de Sentencia Sumaria Parcial presentada por la Parte Demandante. El foro primario determinó que los siguientes hechos están en controversia, por lo cual necesita celebrar un "*juicio plenario"* para aquilatar la prueba:

1. Si en mayo de 2021 Edwin Rubero y Best Petroleum perfeccionaron un acuerdo verbal sobre el arrendamiento del inmueble.
2. Cuáles fueron los acuerdos entre Edwin Rubero y Best Petroleum.
3. Si la renta pactada en mayo de 2021 de $5,000.00 era mientras se negociaba un contrato o fue un canon ya estipulado como parte de un acuerdo de arrendamiento.
4. Si Edwin Rubero exigió el depósito de una fianza.
5. Si Best Petroleum notificó o no a Edwin Rubero del estudio ambiental que realizó en la propiedad.
6. Está en controversia el contenido de la negociación entre Edwin Rubero y Best Petroleum.
7. Si en las conversaciones habidas durante el tiempo que duraron, las partes tenían acuerdo sobre los términos fundamentales de un contrato de arrendamiento.
8. Cuáles aspectos, cláusulas o términos tenían un acuerdo.
9. Cuáles aspectos, cláusulas o términos no tenían un acuerdo.
10. Si Edwin Rubero conocía que Best Petroleum era un mayorista de gasolina.
11. Si Best Petroleum tiene derecho a la posesión del inmueble.
12. Si Best Petroleum tenía derecho a subarrendar el inmueble.
13. Si procede el desalojo de Best Petroleum y Tres Bravo.

El 1 de mayo de 2024, el Sr. Rubero presentó una *Moción en Solicitud de Reconsideración.*[13] El 2 de mayo de 2024, el Tribunal declaró "No ha lugar" a la moción de reconsideración de la Parte Demandada

---

[9] Apéndice del Recurso, págs. 144-150.
[10] Apéndice del Recurso, págs. 360-366.
[11] Apéndice del Recurso, págs. 280-328.
[12] Apéndice del Recurso, págs. 329-341.
[13] Apéndice del Recurso, págs. 352-358.

presentada el 1 de mayo de 2024.[14] Inconforme, el Peticionario acude ante este foro, el 3 de junio de 2024, y expone los siguientes señalamientos de error:

> a. Erró el TPI al no conceder la sumaria a pesar de que no existe controversia relacionada a hechos materiales.
> b. Erró el TPI al no tomar determinaciones de hechos de los cuales claramente no existe controversia.
> c. Erró el TPI al aceptar declaraciones juradas de el único testigo de la Parte Demandada quien ha fallecido, causando que dicha declaración jurada sea inadmisible en evidencia.
> d. Erró el TPI al no conceder la sumaria a pesar de que no existe contrato alguno firmado entre las Partes.

**II**

**A. Sentencia Sumaria**

La Sentencia Sumaria se rige por las disposiciones de la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. La parte reclamante que interese utilizar este mecanismo debe "presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente". 32 LPRA Ap. V, R. 36.1. El propósito de este mecanismo es "proveer una solución justa, rápida y económica" en pleitos civiles donde no existe controversias de hecho y solo resta aplicar el Derecho. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019). No obstante, cualquier duda no es suficiente, debe ser un hecho material que demuestre la existencia de una controversial real. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Nuestro máximo foro ha definido un hecho material como "aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Ramos Pérez v.* Univisión, 178 DPR 200, 213 (2010). Sin embargo, la Sentencia Sumaria es una figura discrecional y el Tribunal Supremo de Puerto Rico (TSPR) ha sido enfático que solo procede cuando hay certeza en que no hay hechos sustanciales en controversia. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 185 (2005). Al igual, tampoco procede cuando

---

[14] Apéndice del Recurso, pág. 359.

resulta en una solución injusta. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 912 (1994).

Una parte que se oponga a una moción de Sentencia Sumaria "deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente." *Id.,* págs. 912-913. De lo contrario, se arriesga a que se acoja la moción y se emita un dictamen en su contra. *Ramos Pérez v. Univisión, supra,* pág. 215. Ahora bien, el hecho que una parte haya solicitado la Sentencia Sumaria no implica que se resolverá a su favor. *Rodríguez García v. UCA*, 200 DPR 929, 941 (2018). En una moción de Sentencia Sumaria, los jueces deben "considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones que hagan las partes". *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004). Sin embargo, este mecanismo "no permite que el tribunal dirima cuestiones de credibilidad". *Id.* El TSPR ha reiterado que no procede la sentencia sumaria cuando: "(1) existan hechos materiales y esenciales controvertidos; (2) hayan alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no procede." *Id.*, págs. 333-334.

Al evaluar la solicitud y concluir que no procede, el Tribunal está obligado hacer una "determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos…". 32 LPRA Ap. V, R. 36.4.

### B. Certiorari

El *certiorari* es un vehículo procesal discrecional para revisar las resoluciones u ordenes interlocutorios de un tribunal de inferior jerarquía. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012), 32 LPRA Ap. V, R. 52.1. Estas revisiones pueden ser "errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999).

No obstante, la discreción judicial no se puede realizar aislada del Derecho restante. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). El TSPR ha reiterado que la discreción "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera". *Id.* Por lo cual, ante una solicitud de *certiorari*, el Tribunal Apelativo debe examinar los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

### III

Al atender los señalamientos de errores presentados en este recurso por el Peticionario, se procederá discutir los errores señalados (a), (b), y (d) en conjunto. El más alto foro ha reiterado que "el Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar una Solicitud de Sentencia Sumaria". *Meléndez González et al. v. M. Cuebas, supra,* pág. 115. Esta revisión es *de novo* y se debe examinar el recurso del modo "más favorable" a la parte que se opone. *Id.*, pág. 118. No obstante, el tribunal apelativo se encuentra limitado en su poder revisor debido a que solo puede evaluar lo presentado en el TPI, determinar si hay una controversia genuina y la aplicación del Derecho. *Vera v. Dr. Bravo, supra,* págs. 334-335. El foro apelativo no puede "adjudicar los hechos materiales y esenciales en disputa", esto le compete al foro primario. *Id.*, pág. 335. Al evaluar los criterios de la Regla 40, *supra,* y luego de haber revisado *de novo* los escritos de ambas partes sobre la solicitud de sentencia sumaria,

resolvemos que no se justifica nuestra intervención con la resolución recurrida. Del expediente surgen hechos materiales en controversia que se deben dilucidar en un juicio plenario y el recurso de Sentencia Sumaria no es el más adecuado. Por lo cual, somos de la opinión que el TPI no abuso de su discreción.

Referente al error (c) señalado por la Parte Peticionaria, al examinar la *Resolución* del TPI no encontramos que las declaraciones juradas del Sr. Antonio de Jesús Nieves hayan sido imprescindibles para la determinación de los hechos que están en controversia por el foro primario. Un examen minucioso del expediente nos lleva a concluir que la admisibilidad de las declaraciones juradas del fenecido son objeto de prueba que se debe aquilatar en el juicio plenario y no por este foro. Por todo lo cual, se deniega la expedición del auto de *certiorari*. 32 LPRA Ap. V, R. 52.1.

**IV**

Por los fundamentos antes expuestos, **se deniega la expedición del auto de *certiorari***.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones