Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| ASOCIACIÓN DE RESIDENTES DE BAIROA GATE II, INC.<br><br>Recurrida<br><br>v.<br><br>VIVIAN GONZÁLEZ FALCO<br><br>Peticionaria | TA2025CE00017 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.: CG2023CV02686<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, el 23 de junio de 2025

Comparece la señora Vivian González Falco (Sra. González, peticionaria), mediante una *Petición de Certiorari* en la cual recurre de una *Orden* emitida el 23 de abril de 2025 y notificada el 25 de abril de 2025, por el Tribunal de Primera Instancia, Sala de Caguas (TPI), la cual determinó no adjudicar una moción de desestimación hasta que fuera discutida en la vista en su fondo del caso pendiente ante el TPI.[1] La peticionaria también presentó una *Moción Solicitando Auxilio de Jurisdicción.*

---

[1] Sumac, Entrada núm. 34 del caso Núm. CG2023CV02686.

Adelantemos que se deniega la expedición del auto de *certiorari.*

**I**

La Asociación de Residentes de Bairoa Golden Gate II, Inc. (Asociación; recurrida) presentó el 9 de agosto de 2023, una *Demanda* con el reclamo del pago de la suma de $16,585.95 por la Sra. González, por concepto del pago de cuotas de mantenimiento, derramas y gastos extraordinarios operacionales relacionados al sistema de acceso controlado, seguridad y mantenimiento de áreas vecinales de Bairoa Golden Gate II, administradas por la parte recurrida; la Asociación también reclama a la parte peticionaria en el recurso ante nuestra consideración, el pago de costas y honorarios de abogado. La parte demandada y peticionaria contestó la demanda admitiendo que tiene una deuda por concepto de cuotas de mantenimiento con la demandante, alega que ha cuestionado y objetado las cantidades que se le estaban cobrando, y que luego fueron "ajustadas" por la parte demandante a la suma aquí reclamada, sin lograr llegar a acuerdos. Añade que, al ser infructuosas las gestiones de la Junta de Directores de la Asociación para resolver el asunto extrajudicialmente, se presentó la acción judicial.

Luego de otros trámites de rigor y de manejo del caso, que incluyó el descubrimiento de prueba, la Sra. González presentó una *Moción de Desestimación* el 21 de abril de 2025,[2] en la cual le solicitó al TPI que, como cuestión estricta de derecho, desestimara el caso. El foro recurrido emitió una *Orden* el 23 de abril de 2025, notificada el 25 de abril de 2025, la cual dispuso

---

[2] Sumac, Entrada núm. 21 del caso Núm. CG2023CV02686.

lo siguiente: "En atención a la moción solicitando desestimación por la parte demandada, se discuti[r]á en vista su proceder".[3] Además, el TPI le concedió el término de 20 días a la Sra. González para exponer las razones por las cuales no se debía conceder lo solicitado por la Asociación.[4] Finalmente, el foro recurrido dispuso lo siguiente:

> "En atención a la Moción de Reconsideración [SUMAC 37] y la correspondiente Réplica [SUMAC 38] se determina No Ha Lugar. Refiérase a la minuta Resolución del 23 de abril de 2025 [SUMAC 38]. Notifíquese. Caguas, Puerto Rico, hoy 4 de junio de 2025".

Inconforme, la peticionaria recurre ante este Tribunal de Apelaciones mediante una *Petición de certiorari* y una *Moción Solicitando Auxilio de Jurisdicción,* ambos escritos presentados el viernes 20 de junio de 2025. En la *Petición de certiorari* se exponen los siguientes señalamientos de errores:

> ERRÓ Y SE EXCEDIÓ EN SU DISCRECIÓN EL TPI AL POSPONER LA RESOLUCIÓN EN LOS MÉRITOS DE LA MOCIÓN DE DESESTIMACIÓN DE LA PARTE DEMANDADA HASTA EL JUICIO EN SU FONDO, OBLIGANDO A LAS PARTES A VENTILAR UNA VISTA EN SU FONDO EN LA CUAL LOS HECHOS MATERIALES E INCONTROVERTIBLES YA FUERON ESTIPULADOS POR LAS PARTES Y DEBEN TENERSE POR ADJUDICADOS.

> ERRÓ Y SE EXCEDIÓ EN SU DISCRECIÓN EL TPI AL POSPONER LA RESOLUCIÓN EN LOS MÉRITOS DE LA MOCIÓN DE DESESTIMACIÓN DE LA PARTE DEMANDADA HASTA EL JUICIO EN SU FONDO, OBLIGANDO A LAS PARTES A VENTILAR UNA VISTA EN SU FONDO EN LA CUAL LOS HECHOS MATERIALES E INCONTROVERTIBLES YA FUERON ESTIPULADOS POR LAS PARTES Y DEBEN TENERSE POR ADJUDICADOS.

Resolvemos sin requerir la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

---

[3] Sumac, Entrada núm. 34 del caso Núm. CG2023CV02686.
[4] Sumac, Entrada núm. 39 del caso Núm. CG2023CV02686.

**II**

El auto de *certiorari* "es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior". *IG Builders v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Rivera et al v. Arcos Dorados*, 212 DPR 194, 207 (2023); *Pueblo v. Colón Mendoza,* 149 DPR 630, 637 (1999). El *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo." 149 DPR 630, a la pág. 637.

En nuestro ordenamiento procesal civil, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1 (Regla 52.1), dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...]

Esta regla y la jurisprudencia interpretativa, nos lleva a realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo que materias, solamente, se podrá

expedir el auto de *certiorari*. En esos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar

su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". (Énfasis nuestro.) *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### III

La peticionaria señala que el TPI se excedió en su discreción al posponer la resolución en los méritos de la moción de desestimación hasta el juicio en su fondo, obligando a las partes a ventilar una vista en su fondo en la cual los hechos materiales e incontrovertibles ya fueron estipulados por las partes y deben tenerse por adjudicados, por lo que insiste en que se expida un auto de *certiorari* a los fines de revocar la Orden recurrida y proceder a desestimar la demanda presentada por la parte recurrida.

Evaluado el recurso de *certiorari* ante nuestra consideración, conforme al derecho aplicable reseñado, somos del criterio que no se justifica nuestra intervención. Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier

norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". (Énfasis nuestro.) *Lluch v. España Service Sta.,* supra.

**IV**

Por lo antes expuesto, se declara no ha lugar la *Moción Solicitando Auxilio de Jurisdicción* y se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones